CHARLES COHEN and CASPER KUTNER, Plaintiffs, *v.* ROSEVALE REALTY COMPANY, INC., Defendant.

Supreme Court, Kings Special Term, October, 1923.

Injunctions — amendment of zoning resolution after issuance of building permit — restrictive covenants — special damages — when plaintiffs entitled to permanent injunction.

After a permit had been issued to defendant to construct buildings upon its own land in violation of restrictive covenants to which it and the land of plaintiffs was subject, the zoning resolution was amended so as to prohibit the construc-

tion of the buildings for which defendant had filed plans, but the defendant notwithstanding has undertaken the erection of the building as originally contemplated. *Held*, that plaintiffs in an action to restrain the construction of such buildings in violation of the zoning resolution, having shown that they will suffer special damage by the contemplated construction, will be granted a permanent injunction.

Action for permanent injunction.

*J. George Silberstein* (*James Marshall*, of counsel), for plaintiffs.

*Hirsh, Newman & Reass* (*Benjamin Reass*, of counsel), for defendant.

Lewis, J.   The plaintiffs and defendant are the owners of certain premises which are part of a tract of land known as " Midwood Manor." The land was subject to certain restrictions which expired January 1, 1923. On or about the 8th day of August, 1922 (prior to the expiration of the restrictions), upon application by the defendant, there was issued by the superintendent of buildings a permit to construct buildings in violation of the restrictive covenants. Construction was started, but thereafter enjoined by temporary and permanent injunction. On December 22, 1922, the board of estimate and apportionment duly adopted an amendment to use map No. 22 which prohibited the construction of the buildings for which the defendant had filed plans. Notwithstanding such amendment, the defendant, since January 1, 1923, has undertaken the erection of the buildings as originally contemplated which were in violation of the original restrictive covenants and are concededly in violation of the zoning amendment.

This action is brought to restrain the defendant from constructing the buildings in violation of the zoning resolution.

Defendant claims that it is protected in its proposed construction by sections 23 and 24 of the original zoning resolution. Section 23 has regard for buildings or premises " existing at the time of the passage of this resolution " in 1916. Section 24 has reference to " any change in the plans, construction or designated use of a building for which a building permit has been heretofore issued, or plans for which are on file with the building superintendent  *  *  * at the time of the passage of this resolution."

Existing buildings refer to those that lawfully exist. Buildings erected in violation of a restrictive covenant are illegally in existence. The defendant having built in violation of law cannot benefit by such illegal conduct.

The zoning resolution and the amendments thereto having been passed pursuant to special authority from the legislature and subsequently ratified by legislative recognition has the force of a

statute and is not unreasonable in operation on the defendant's property. *People ex rel. Sheldon* v. *Board of Appeals*, 234 N. Y. 484; *Lincoln Trust Co.* v. *Williams Bldg. Corp.*, 229 id. 313.

The plaintiffs having proved that they will suffer special damage by the contemplated structure are entitled to equitable aid enjoining the same. *Ackerman* v. *True*, 175 N. Y. 353.

Judgment for plaintiffs.

**Judgment accordingly.**