THE MANHATTAN REFRIGERATING COMPANY, Plaintiff, *v.* SAMUEL FASSLER, as Superintendent of Buildings, Borough of Manhattan, City of New York, Defendant.

Supreme Court, Special Term, New York County, November 22, 1937.

*Talley & Lamb,* for the plaintiff.

*Paul Windels, Corporation Counsel [William G. Mulligan* and *Robert W. Lishman* of counsel], for the defendant.

PECORA, J.  Plaintiff makes this motion for an injunction to prevent the defendant, as superintendent of buildings of the borough of Manhattan, from approving plans for the construction of a meat processing plant to be erected by the city for the Cudahy Packing Company and to be leased by it for ten years.  The plaintiff owns a refrigerating plant in the near vicinity.  The grounds of the injunction are, *first*, that Gansevoort Market is by law restricted against the proposed use; and *second*, that plaintiff has a property, interest by way of franchise in the premises which would be invaded by the contemplated construction.

I have discussed, in the companion case of *Eith* v. *City of New York* (165 Misc. 18), the point raised as to the restriction of the premises against the proposed use.  The second point, as to the interference of the new building with plaintiff's pipe line under a permit, is an issue that can only be determined by trial.  I have indicated in the companion motion that the issues in this case should be tried at the same time as those in the other.  But a technical difficulty exists in connection with the consideration of the present motion on the merits.  There is no complaint that the phases within the specific jurisdiction and duty of the superintendent of buildings with reference to the plans have not been observed.  It is urged, however, by plaintiff that the superintendent must take notice of all restrictions as to use imposed by any statute.  An examination of the enumerated duties of the superintendent of . buildings will show the error of plaintiff's argument.

Section 407 of the Greater New York Charter gives the superintendent "exclusive jurisdiction to examine and approve or disapprove all plans for buildings, structures and alterations and subsurface structures, subject to and in accordance with the provisions of the Multiple Dwelling Law, Building Code, the General Rules and Regulations of the Board of Standards and Appeals and the Board of Buildings  *  *  *.  He shall have exclusive power to enforce all laws and ordinances, rules and regulations of the board of standards and appeals in respect of  *  *  *.  The use and occupancy of buildings and structures, except tenement houses after the issuance of a certificate of occupancy therefor."

The superintendent of buildings in respect of use has no jurisdiction except in connection with the enforcement of the building zone regulations.  The old acts of the Legislature providing for the dedication of Gansevoort Market to the exclusive use of farmers and market gardeners, even if still in force, are outside of the purview of the commissioner's powers.  He can no more pass upon the validity of these than upon the validity of a restriction contained in a deed, which does not deal with building zone regulations.

But plaintiff, in reply, refers to the following provision of section 407 mentioned: " Each commissioner of buildings shall have exclusive jurisdiction to require that the construction and alteration of all buildings hereinafter constructed or altered shall conform to the provisions of the Labor Law *and other laws* as may be applicable thereto." Pointing to the phrase " and other laws " plaintiff argues that the duty of the commissioner of buildings is to enforce all other laws applicable to the construction and use of buildings. I cannot accept plaintiff's interpretation, but look upon the expression " other laws " as *ejusdem generis* with labor laws. If he is intrusted with the provisions of all laws relating to buildings, why are labor laws singled out, and why, if " other laws " is a comprehensive term, should the statute continue to specify other particular laws, over the enforcement of which the commissioner of buildings shall have jurisdiction? These are among other laws: " to enforce in his borough the laws relating to the protection of persons employed in the construction, alteration or removal of buildings and structures, and the laws relating to the prevention of fires, and enforce the provisions of all ordinances relating to the construction, alteration, fire prevention and removal of buildings, structures, and boilers therein, erected or to be erected within such borough." This long enumeration of powers, I believe, sustains my view that the expression " other laws " does not include the restrictions as to use contained in special laws not related to zoning regulations.

In view of the fact that I have ordered the issues in the companion case of *Eith* v. *City of New York* (165 Misc. 18) tried on December thirteenth, I deem it expedient not to dismiss the action unconditionally. It is true that most of the issues involved in this case will be disposed of in the other; however, the issue of encroachment of the proposed structure upon plaintiff's pipes is not involved in the other case and should be disposed of at the same time. Accordingly, in the interest of expedition and for the convenience of all parties, I shall permit plaintiff to amend the summons and complaint by joining the other necessary city officials as parties defendants, and when so amended and issue joined I direct trial of the issues herein simultaneously with the trial of the *Eith* case, as a condition for the denial of the injunction.

Settle order.