Howard T. Hogan, J.
Petitioner brings this proceeding pursuant to article 78 of the Civil Practice Act to review a determination of the respondent Board of Appeals denying her petition to erect and maintain a motel on her property situated in Wantagh, in the town of Hempstead.
*350 It appears that the bulk of her property, which is approximately 400 feet wide and 150 feet deep lies 100 feet south of Sunrise Highway, having access to it by a strip 65 feet wide, and having no other frontage on any street. It was originally zoned for residential uses only, but in May, 1956, upon the plea of this petitioner that it was not suited for residential development, the Town Board rezoned it by placing it in a “Light Manufacturing District”. It was then represented by the petitioner, according to the uncontradicted testimony presented at the hearing now under review, that if the change were granted the property would be improved with a light manufacturing plcmt. Instead, this application was made to the building inspector in Septemloer, 1957, for permission to erect a 40-unit motel. When it was denied, she appealed from his interpretation of the building zone ordinance to the respondents, pursuant to section 267 (subd. 2) of the Town Law. The appellate power of the Board of Appeals was invoked, rather than its power to vary the terms of the ordinance.
It is the contention of the petitioner that a motel is an unconditionally permitted use in an industrial district under the terms of the ordinance, and that she is entitled to a building permit as a matter of right.
The Building Zone Ordinance was enacted in 1930, and subsequently amended on a number of occasions. Article 7 (§ LM-1.0) now provides that in a Light Manufacturing District “A building may be erected, altered or used for any lawful purpose except the uses prohibited in an ‘Industrial District’ (Y) under Article 8 of this Ordinance, and the following uses also are prohibited: * * * tourist camp”. All dwellings are expressly prohibited in both an Industrial District and a Light Manufacturing District. The word ‘ ‘ motel ’ ’ is not used in either article. It is contended by the respondent that such use is intended to be included in the broad term “ tourist camp ” as defined in section D-1.30 of the ordinance.
In 1954 subdivision (g) of section X-1.14 was added, allowing hotels, lodging and boarding houses, auto courts and/or motels in a Business District ‘ ‘ when permitted as a special exception by the Town Board”. Theretofore hotels, lodging and boarding houses were permitted as of right in a Business District, and as the subject of a special exception in a C Residence District. In 1956 the ordinance was further amended to provide that the Board of Appeals, rather than the Town Board, shall have the power to issue a special permit for a motel in a Business District. (Art. 12, § Z-5.0, subd. C, par. 11.) As far as the court can ascertain from the exhibits and other proof before it, no other provision of the ordinance deals with motels.
*351 Viewing the ordinance as a whole, it appears that at the time of its adoption motels were either unknown or so uncommon that no provision whatsoever was made concerning them. The policy then was to exclude hotels, lodging and hoarding houses from all residential districts except a C Besidence District, and to permit them expressly in a Business District. No provision barring them flom industrial districts was made; however, all dwellings were excluded from such districts. Later, in 1954, the express, absolute right to erect or conduct a hotel, lodging or boarding house in a Business District was eliminated and they, together with motels (now mentioned for the first time), were permitted thereafter only as special exceptions.
This is indicative of an intent to exclude places of habitation from all industrial and manufacturing areas, and to permit them in business areas only conditionally, and subject to certain enumerated controls and safeguards. Such an intent would be in accord with the purposes stated in sections 261 and 263 of the Town Law, as well as section Gr-16.0 of the ordinance.
Although it is a well-settled principle that zoning ordinances, restricting as they do the free use of property by an owner, and being in derogation of the common law, should be strictly construed, it is equally true that all parts of an ordinance are to be read and construed together to determine the legislative intent.
If all dwellings and tourist camps are unqualifiedly excluded from a Light Manufacturing District, and motels are expressly permitted only in a Business District, and then only as special exceptions, it would seem a highly inconsistent interpretation of article 7 of the ordinance as permitting a motel in a Light Manufacturing District. It would appear, rather, that it was the legislative intent to treat a motel as one variety of a tourist camp, and to bar them, together with all types of dwellings, from manufacturing and industrial districts.
It might be argued that the proposed motel would occupy the entire small light manufacturing district, so that no objectionable effects would arise from the proximity of living accommodations to factories or industrial plants. If this be true, then it presents a unique circumstance which should be dealt with by the Town Board rather than the court.
There is another reason for refusing to reverse the decision of the Board of Appeals. When this same petitioner applied in 1956 for a change of zone she stated that if it were granted a modern manufacturing building would be erected on the site. It was pointed out at that time, according to an objectant at *352 the later hearing, that such a use, confined to the daylight hours, would not be disruptive of the evening peace and quiet of the surrounding residential neighborhood. Now, having obtained the change, presumably upon this representation, she is applying, without any explanation or excuse, for an entirely different use, one which operates principally from early evening until the following morning, and which is attended by the starting of automobile engines and other sleep disturbing noises.
Under these circumstances, even if petitioner had established a clear legal right to relief in the nature of a mandamus, the court would be justified, in its discretion, in denying this petition. (Carmody-Wait Cyclopedia of New York Practice, Vol. 22, p. 203). No one should be permitted to found any claim upon his own inequity (Gray v. Met Contr. Corp., 4 A D 2d 495, 497).
Accordingly the application is denied and the petition dismissed.
This shall constitute the decision of the court in compliance with section 440 of the Civil Practice Act.