L. Barron Hill, J.
Petitioner applied to the Town Board of Oyster Bay for a special exception to use his premises in a new residential development as an office for his practice as a physician. The board denied the application on the ground that it would increase traffic and parking problems and that prospective purchasers in the development had not received notice of the application and possibly some of these prospective purchasers might wish to object.
*954 The use is permitted when granted by the board as a special exception. All the facts and conditions specified in the ordinance have been met by petitioner such that he is prima facie entitled to the permit (Matter of Syosset Holding Corp. v. Schlimm, 15 Misc 2d 10, mod. 4 A D 2d 766).
Apparently, considerations of traffic burdens and hazards are for the police and not zoning boards (Matter of Plander v. Koehler, 150 N. Y. S. 2d 879; Matter of Brooklyn Parking Corp. v. Gannella, 193 Misc. 811; Matter of Property Owners Assn. v. Board of Zoning Appeals, 2 Misc 2d 309).
There is absolutely no basis in law, commendable as it may be in a governmental sense, for the board’s belief that they must delay action until the prospective purchasers in the development can be apprised of the application. Who knows when these purchases will be consummated? On such a theory nothing could be accomplished since it would logically follow that notice must also be given to the prospective purchasers ad infinitum. If the developer has raised no objections that should be sufficient.
It follows, therefore, that the determination must be annulled and the matter remitted to the board to issue the permit subject to appropriate safeguards and conditions as provided for in the ordinance.
Settle order.