Howard T. Hogan, J.
This is a proceeding to review the determination of the respondent Town Board denying petitioner’s application for a gasoline station permit. The subject property lies in a “ G ” Business District in the unincorporated area of the Town of Oyster Bay. However, on March 13, 1956, a certain restrictive covenant was imposed upon it by certain individuals (whose interests are not revealed to the court), limiting the property to uses authorized in a Business ‘1 F ’ ’ Zone as prescribed by the Building Zone Ordinance of the Town of Oyster Bay.
The uses permitted in a “ G ” Business Zone are set forth in said ordinance in section G-l of article IX. Subdivision 15 thereof provides that public garages and filling stations are approved uses “ subject to the following provisions when permitted by the Town Board, after a public hearing:
“ (a) No repair work shall be performed in the open.
“ (b) Pumps, lubricating and other devices shall be located at least twenty (20) feet from the line of any street or highway right-of-way.
“ (c) All fuel, oil or similar substances shall be stored at least thirty-five (35) feet distant from any street or lot line.
*1038 “ (d) No automobile parts, dismantled vehicles and similar articles shall be stored in'the open.”
A hearing was held on the aforesaid application on April 1, 1958, at which time the respondent, in disregard of the fact that it was not a party to the aforesaid private restrictive covenant and in no way charged with its enforcement, treated the property as if it were subject to the limitations governing a Business “ F” District. The provisions regulating gasoline filling stations in Business “ F ” Districts were, on April 1,1958, almost identical with those applying in “ Gf ” Business Districts (supra).
On April 18, 1958 a decision was rendered denying the application. As an affirmative defense- to this petition it is alleged in respondents’ answer that on April 8, 1958 there was adopted an amendment to the zoning ordinance prohibiting gasoline service stations and public garages in Business “ F ” Districts. This amendment became effective shortly after the date of the aforesaid decision.
If this amendment applied to petitioner’s property the court would be powerless to consider this application further. It is well settled that a reviewing court must apply the law as it finds it at the time it decides the appeal, regardless of what it was at the time the board made the decision complained of. (Matter of Boardwalk & Seashore Corp. v. Murdock, 286 N. Y. 494; Matter of Dengeles v. Young, 3 A D 2d 758.) However, the amendment did not affect this property insofar as the town was concerned, since it lay at all times in a “ G- ” Business District. Only the original covenantors or those for whose benefit the restriction was created may enforce it. There appears no allegation that the town had such a right.
In State of Missouri ex rel. Folkers v. Welsch (235 Mo. App. 15, 21-22) it was said: “ the further fact that there are restrictions of record against the use which relator proposes to make of the property, do not justify the Building Commissioner in refusing to perform the duty of issuing the permit in view of the fact that all of the requirements of the ordinance governing such permits are admitted to have been complied with by relator. The admission by the relator that such restrictions do exist is very far from an admission of their validity, and it is obvious that the Building Commissioner has no authority or power to determine whether or not such restrictions are valid or invalid. Only a court of competent jurisdiction has authority to pass upon that matter. The office of the Building Commissioner is clearly not the proper tribunal to pass upon such a judicial *1039 question, not to mention any supposed authority to assume that the restrictions are valid merely because the objecting third parties have called them to the attention of that office.”
In Nemet v. Edgemere Garage & Sales Co. (73 N. Y. S. 2d 921, 924) Mr. Justice Froessel said: ‘ ‘ The Board of Standards and Appeals may, within its powers, grant a permit to an owner, but it may not determine rights in real property. ” (Emphasis supplied.)
Accordingly, the court is bound to consider this as an application made under section Gr-1 of article IX of the zoning ordinance, and to examine the application of that section to the instant facts. It appears from the record that no finding was made that petitioner was not prepared to comply with all the conditions enumerated in the ordinance. The board based its decision rather upon the findings that: (1) the property is bounded on the north, east and west by other business property, but that on the south, on the other side of Old Country Road, a wide, busy thoroughfare, there is a residence district; (2) some distance to the east and south is located a public elementary school; (3) the granting of the permit is not in accord with the comprehensive plan for the zoning of the area; (4) it would tend to interfere with the flow of traffic along Old Country Road, and (5) the proposed use is neither in keeping with the mainly residential character of the area nor the most appropriate use of the land.
Even if it be assumed, arguendo, that a town board, in addition to enumerating specific standards, safeguards and conditions in an ordinance still may reserve to itself the power to apply further unprescribed criteria in each individual case (and such practice, in the opinion of the court, denies to applicants the equal protection of the laws guaranteed by section 11 of article I of the New York State Constitution, and opens the door to other grave abuses), its determination still is subject to review. (Matter of Frantellizzi v. Herman, 1 A D 2d 980.)
The objections raised in the respondents’ decision will be treated seriatim.
First, it is true that on the opposite side of Old Country Road, a wide, east and west arterial highway, there is a residence zone, but somewhere there must be a dividing line separating every district from another. The Town Board, in adopting the zoning map, created this particular dividing line which is far more definitive than those ordinarily separating two districts. Old Country Road provides an effective buffer, not only against this use but for all the other uses permitted as of right in a ‘ ‘ Gr ” Business District.
*1040 Second, the elementary school in question to the knowledge of the court is set back a considerable distance south from the south side of Old Country Eoad, whereas petitioner’s property is located on the north side, at least 700 feet west of the west line of the school boundary. Traffic lights control both nearby intersections. Even if the proposed use were to emit any noise, dust, fumes or odors, they could not reach the school, nor would it present a real fire hazard at that distance. Theatres, assembly halls, bowling alleys, bus passenger stations and the like, which are uses permitted on the premises as of absolute right would create no less hazard or disturbance.
Third: Since the Town Board itself adopted the “ comprehensive ’ ’ zoning plan in which this area is included, and since that plan designated it as a “ Gr ” Business District and made express provision therein for gasoline stations, it cannot now consistently hold that such use ” would not be in accordance with the comprehensive plan for the zoning of this area ”.
Fourth: These same respondents, as recently as February, 1958, were instructed by Mr. Justice Hill (Matter of Edelman v. Town Bd. of Town of Oyster Bay, 14 Misc 2d 953, 954) that “ considerations of traffic burdens and hazards are for the police and not zoning boards ”. (See, also, Linn v. Town of Hempstead, 10 Misc 2d 774, 780 and cases cited therein.)
Finally, the respondents themselves established the character of this neighborhood, which they describe in their decision as ‘ ‘ mainly residential ’ ’. In passing upon the precise point this court stated in Matter of Syosset Holding Corp. v. Schlimm (15 Misc 2d 10,13, mod. 4 A D 2d 766): “ This zoning has thus fixed the character of the neighborhood. When one buys a home adjacent to vacant land with notice that it is already zoned for business or commercial uses, he cannot be heard to complain that its future development for such use will change the essential nature of the community. ’ ’
Having created this business district, respondents hardly can be heard to say that the petitioner seeks to alter the mainly residential character of the area.
For all these reasons the determination is arbitrary and capricious and must be annulled. Petitioner is entitled to an order granting the relief sought. Proceed on notice accordingly. This decision is not to be construed as passing in any way upon the validity of the private restrictive covenant of March 13,1956.