Howard T. Hogan, J.
Petitioner brings this proceeding pursuant to article 78 of the Civil Practice Act for an order annulling the determination of the Town Board of the Town of North Hempstead denying him a permit for the installation of gasoline storage tanks upon his property on a corner formed by the intersection of Willis Avenue land the Long Island Expressway, and directing the issuance of such permit.
It appears that this property originally lay in a “ Business A ” District on the zoning map of the town, but that in 1948, by an amendment to said map, it was placed in a “ Residence B ” District, in which the proposed use was prohibited. In June, 1957, petitioner instituted a proceeding in the nature of a mandamus, by which he sought a direction to the Manager of the Building Department of the Town of North Hempstead to disregard the new zoning ordinance insofar -as it affected his property, and to issue a permit for the erection of a diner, a retail store and a gasoline service station.
After a trial before him, Mr. Justice Pittoni entered a judgment on January 21,1958, in which he adjudged said ordinance, to the extent that it limited the petitioner’s land to purposes for which it could not be reasonably used, to be unconstitutional and void as to the petitioner. He further ordered, adjudged and decreed (holding by necessary implication that the original zoning was 'automatically reinstated) that “ the petitioner may now bring this matter before the Town Board pursuant to Secs. 101.28, 102.1 and 102.20 of Article X, Business A District, in accordance with the Court’s decision herein.”
The aforesaid section 101.28 at that time provided that in a “ Business A ” District an automobile service station was a permitted use, conditioned only upon the issuance by the Town Board of a permit for the storage of inflammable materials.
Sections 102.1 and 102.20 provide, together, that a diner and/or lunch wagon is a permitted use in a “ Business A” District as a special exception. Their application is not an issue in this proceeding.
In his opinion (Matter of Fucigna v. O'Connor, 14 Misc 2d 698), Judge Pittoni found that the respondent had rezoned property on the opposite side of Willis Avenue to “ Business A ” to suit the convenience of the Long Island Lighting Company, which presently uses said property for the storage of cars, trucks, cables, transformers, etc. He further found that the more northerly portion of the subject property, which had been condemned by the State of New York, was zoned “ Business A ”, and that up to the time of the condemnation it had *307 been improved with a gasoline station and a diner. No appeal was taken from his decision, therefore, in certain respects, it is the law of this case.
On April 21, 1958, in accordance with Judge Pittoni’s decision, petitioner applied for a permit to store inflammable materials on the subject property. Just before the public hearing, which was scheduled for May 27, 1958, the respondents on their own motion adopted a resolution placing the property in a “Business A” District. The public hearing on petitioner’s application followed on the same day and on June 10, 1958 respondents announced their decision denying the permit. A written resolution to that effect was filed nine days later.
It is petitioner’s contention that his application conformed with all the conditions enumerated in the Ordinance Regulating the Storing of Inflammable Materials, but that it was denied upon other grounds which were improper and unlawful.
Respondents have pleaded as affirmative defenses to the petition, first, that the petition does not state facts sufficient to constitute a cause of action; second, that on July 29, 1958 they adopted an amendment to the Building Zone Ordinance which eliminated gasoline service stations ias a permitted use in a “ Business A ” District, and third, that the act of passing upon such an application is legislative in nature and hence not reviewable.
The court finds that the petition does state a prima facie case for relief. It finds further that the amendment of July 29,1958 contains a provision reading as follows: *1 This amendment shall not be retroactive to affect any application on file prior to the adoption of this ordinance, nor shall it affect the rights of the existing gasoline service stations to apply for changes or increases in their facilities,” and that if the respondents dealt improperly with petitioner’s application, then, for the purposes of the ordinance1, it is still ‘ ‘ on file. ’ ’
The last affirmative defense raises a question which frequently lias been considered by the courts of this and other States. The ordinance under which petitioners made application then provided that an owner of property in a “ Business A ” District could establish and operate a gasoline service station if he could secure a permit under the respondent’s “ Ordinance Regulating the Storage of Inflammable Materials. ’ ’ It provided that ‘ ‘ A permit shall be issued by the Town Clerk only when approved by the Town Board after a public hearing and an application for such permit has been presented to said Board.” There followed a number of conditions of a technical nature.
*308 Such a public hearing was held on May 27, 1958. In spite of the fact that Judge Pittoxi had found the subject property was unfit for residential purposes, the board appears to have permitted a number of owners of property in the neighborhood to voice their objections to any other type of use. Apparently, no one disputed the fact that petitioner was prepared to comply with all the enumerated conditions of the aforesaid Inflammable Materials Ordinance.
On June 10, 1958 a written decision was made denying the permit upon seven distinct grounds, none of which dealt with noncompliance with the terms of the aforesaid ordinance, but which dealt generally with (a) the fact that the area is adequately served by existing stations, (b) the value of nearby residential properties would be depreciated, (c) a traffic hazard would be aggravated, (d) petitioner had covenanted with his grantor, one Elsa M. Jager, that he would not use the property for a gasoline service station until 1980, (e) experience showed that leakage from gasoline storage tanks caused hazards to public utility companies and others engaged in excavations for installation or repair of services, and (f) that the construction of a gasoline service station here would not be in accordance with a comprehensive plan nor in the interest of the public health, welfare and safety.
Subdivision 5 of section 130 of the Town Law empowers a town to enact ordinances regulating the use, sale, storage and transportation of explosives and inflammables. It is the opinion of this court that when a town exercises this power the enactment of such an ordinance as precise and detailed as the one under consideration leaves no further power in the Town Board except that which it reserves to itself to administer the ordinance, i.e., to apply the prescribed tests to each applicant who is otherwise qualified under the Building Zone Ordinance. To hold otherwise is to leave the granting or denial of a permit to the ungoverned discretion, caprice or arbitrary action of the legislative body and to make unlikely the uniform application of the ordinance to all who are similarly situated.
There is, however, a divergence of opinion upon this point. (See Zelazny v. Town Bd. of Town of North Hempstead, 101 N. Y. S. 2d 178; Sibek v. Sahm, 132 N. Y. S. 2d 596.) It has been held that the provision for a public hearing by inference reserves to the Town Board the right to consider and give weight to all objections raised at such hearing. In Matter of Nicholas Prefabrications (Sahm) (N. Y. L. J., Sept. 23, 1953, *309 p. 525, col. 3) the late Mr. Justice Stoddabt held, however, that the Town Board was limited in considering only those objections dealing with the danger of fire and explosion, since the exercise of control is limited by section 130 of the Town Law. The view entertained by this court is not inconsistent with the rule enunciated in Greenpoint Sav. Bank. v. Zoning Bd. of Appeals of Town of Hempstead (281 N. Y. 534) urged by the respondents. It was said (p. 538): “ Where the approval is thus lodged in the local legislative body, and where the matter is one which may endanger the safety of persons and property, there need not be formulated standards for the dispensing power, and the ordinance is constitutional.” (Emphasis supplied.)
This respondent has formulated a most detailed set of standards ; one which is carefully designed to minimize the danger of fire and explosion. Nowhere in that ordinance does it expressly reserve to itself the right to require anything further of an applicant nor to impose undefined conditions in each individual case.
Even if this court misconceives the law of that case, still the decision complained of rests on an improper foundation. It was further said by the court (p. 539): “ The Town Board must act reasonably.” This, the respondent has not done. Treating seriatim the objections it has raised, the courts of this State have frequently held that zoning ordinances cannot be used to stifle competition or to curtail private enterprise (Matter of Blumenreich v. Waters, 14 Misc 2d 947; Matter of Lawfred Realty Service Corp. v. Waters, 15 Misc 2d 113; 1 Rathkopf, Law of Zoning and Planning [3d ed.], pp. 637, 693). The same must be true of attempts at regulating competition by means of the “ Inflammable Materials ” ordinance.
Nor may it now consider the effect of such a use on the value of nearby properties. Not only did Judge Pittom decree that this petitioner’s property was in a business district, and that he could apply for a permit to store inflammable materials, but the respondents themselves, fearing that that decision might have left the property unzoned, purported to amend the zoning map on May 27, 1958 by placing it in a “ Business A” zone, wherein the use was a conditionally permitted one.
The finding that a traffic hazard might be created was likewise improper. This property has direct access to the Long Island Expressway, an artery of travel which will have need for many gasoline service stations, and which already has a number of them along its completed section. Further, it has been held *310 that traffic problems are within the domain of the police (Linn v. Town of Hempstead, 10 Misc 2d 774 and cases cited therein).
Likewise, the objection that there is a private covenant between petitioner and his grantor against the proposed use is invalid, first, since the respondents were not parties to it and it was not made for their benefit, they may not seek to enforce or interpret it (Nemet v. Edgemere Garage & Sales Co., 73 N. Y. S. 2d 921; Matter of 109 Main St. Corp. v. Burns, 14 Misc 2d 1037); second, because it appears that the covenant was given to protect a nearby gasoline service station owned by the grantor. When the State condemned this station for the Expressway, the only reason for the restriction upon the use of real property disappeared.
The objection that there might be leakage from gasoline storage tanks is a condition which might be present at every gasoline station throughout the land. The respondents have the power and duty to render this as unlikely as possible by imposing every reasonable safeguard and specification in the ordinance. If their argument is valid, then no new gasoline service station should be permitted in the town, or for that matter, in the State of New York, whether it be in close proximity to other stations or to public utility installations.
Finally, in holding that this application is not in accordance with a comprehensive zoning plan, nor in the interests of public health, welfare and safety, the respondents apparently have overlooked the fact that petitioners are seeking a permit under the “ Inflammable Materials” ordinance and not under the Building Zone Ordinance. They have also lost sight of the facts that (1) Mr. Justice Pittoni has decreed that the zoning of the property reverted to “ Business A ”, upon the invalidity of the superseding amendment of 1948, and (2) on May 29, 1958 they themselves adopted this same zoning, and it must be assumed that they intended such act to be in conformity with the provisions of section 263 of the Town Law.
For all these reasons the denial of a permit to the petitioner is unlawful and improper and respondents will be directed to order the Town Clerk to issue such a permit upon compliance by the petitioner with all the express terms of the Ordinance Begulating the Storing of Inflammable Materials.
Submit order.