M. Henry Martuscello, J.
In this article 78' proceeding, respondents, the Board of Standards and Appeals, move to vacate the order of certiorari and to dismiss the petition upon which it was granted and to affirm the determination of the board which affirmed the Commissioner of Buildings’ decision dated July 30, 1962 which revoked the building permit and renewed-building permit issued to petitioner to 'construct- a proposed shopping center!' -. _■ . - - ' '
' The subject premises in this proceeding were carved out of a large tract of land owned and retained by the petitioner. ' On July 30, 1957 the petitioner conveyed part of the large tract of *772 land by a deed containing a restrictive covenant that the petitioner’s remaining property would not be used for business or commercial purposes and that "no commercial or business structure would be erected thereon. This covenant was to run with' the land until July 30,1962. - ...
At the time of the grant containing the restrictive covenant, the premises involved herein were located in a Local Retail Use District where commercial or business use or structure were permissible. Subsequent to the original grant several of the objecting property owners involved herein purchased their homes from a mesne grantee of the petitioner and their contracts of purchase contained the described restrictive covenant.
Sometime in 1961, and long before the expiration date of the afore-mentioned restrictive covenant, the objecting property owners in the area petitioned the City Planning Commission to change the zoning area of the promises involved herein from Local Retail to Residential Use. This proceeding culminated in the City Planning Commission adopting a resolution on November 15, 1961 providing for such change. Thereafter and on December 7,1961 the Board of Estimate approved the resolution, effective December 15, 1961, and the premises involved herein were placed in a'Residential Use District.
While the afore-mentioned proceedings were pending before the City Planning Commission, the petitioner on October 13, 1961 filed with the Department of Housing and Buildings an application for the erection of a supermarket and store's upon the premises involved. On November 16,1961, one day after the Planning Commission adopted its aforesaid resolution, the Borough Superintendent of Buildings issued a building permit authorizing the erection of the proposed structure. By December 1, 1961 all excavations, footings and the greater portion of the foundations for such structure were completed and no further work was thereafter done, because, as petitioner claims, of an agreement between it and the objecting property owners providing for cessation of further construction until July, 1962. The afore-mentioned permit was renewed on February 27, 1962 in order to extend the coverage of the workmen’s compensation insurance policy to March 30,1963, in place of the original policy filed which had an expiration date of March 30, 1962. On .June 18, 1962 the affected objecting property owners petitioned.the Commissioner' of Buildings to revoke the building1 permits, chal-. lenging their validity on the grounds that they were in violation of the change in the zoning law and of the afore-mentioned restrictive covenant. A hearing was conducted and on July 30, *773 1962, the day that the restrictive covenant ceased to operate, the Commissioner rendered his decision revoking said building permits. This decision was the basis of the appeal to the Board of Standards and Appeals.
The Commissioner in making his determination held that up and until the Board of Estimate adopted the City Planning Commission’s resolution the Borough Superintendent had no legal authority on November 16, 1961 to refuse the issuance of the permit involved solely because there was in existence at that time a restrictive covenant prohibiting such use, but that after the change in the use of the area by the Board of Estimate was effected, the Commissioner had such right to revoke such permit provided the petitioner had no acquired vested rights. Said Commissioner further held that section 22-b of the Zoning Resolution in existence at the time the permit was issued permitted the continuance of the erection of the structure after there was a change in the use area, provided that the operation ivas lawfully started. Accordingly he determined that since there was a restrictive covenant in existence prohibiting the erection of a business structure on the site, it was unlawful to erect the foundation for the proposed shopping center before December 7, 1961 and that no vested rights were created entitling the petitioner to continue to operate under the permit.
The Board of Standards and Appeals affirmed the determination of the Commissioner and that determination is now the subject of review here. It is argued by the petitioner, and rightfully so, that the Commissioner of Buildings lacked the authority to revoke the permits because of the existence of the restrictive covenant. The law is well settled that when a use is permissible in a specific use district by the existing zoning law, neither the Borough Superintendent nor the Commissioner of Buildings may refuse a building permit on the ground that the proposed building violates a restrictive covenant. Being administrative officers, they have no authority or power to determine whether or not a restrictive covenant is valid or invalid. Only a court of competent jurisdiction has authority to pass upon that matter (People ex rel. Rosevale Realty Co. v. Kleinert, 201 App. Div. 883; Matter of 109 Main St. Corp. v. Burns, 14 Misc 2d 1037; Matter of Forte v. Wolf, 225 N. Y. S. 2d 858).
It is to be noted that at the time of the hearing before the Commissioner, the objecting property owners herein had instituted two actions in this court based upon the alleged breach of the afore-mentioned restrictive covenant, one action being brought for an injunction and the other for a declaratory judgment; and *774 that subsequent to the revocation of the permit herein, the action for a declaratory judgment was discontinued, and that an application for a temporary injunction in the other action was denied, and thereafter, no affirmative steps were taken in connection with said injunction action. Hence, at no time was there any legal adjudication that the structure sought to be erected violated the provisions of the afore-mentioned restrictive covenant herein.
While it is true that the Commissioner of Buildings .is empowered to revoke a permit if by reason of a subsequent change of zoning it is error to allow such permit to remain outstanding, and to determine in that connection whether vested rights were acquired under the permit before the use district change (Administrative Code of City of New York, § C26-180.0; Matter of Huron Place Corp. v. Schnieder, 3 A D 2d 722), such revocation cannot take place if it is established that such rights did accrue (cf. People v. Miller, 304 N. Y. 105; Matter of Ageloff v. Young, 282 App. Div. 707, motion for leave to appeal denied 306 N. Y. 981). And it is quite obvious that a finding by the Commissioner that no vested rights were acquired must be based on a ground which is within his legal competence to find. Whether the petitioner acquired such vested rights must be determined by the law in existence at the time the revocation took place and at the time the Board of Standards and Appeals made their determination unless it had been changed since such determination and prior to its review by the court (Matter of Boardwalk & Seashore Corp. v. Murdock, 286 N. Y. 494).
The law to be applied in determining whether petitioner acquired vested rights is section 11-321 of the new Zoning Resolution, which was in effect at the time the Commissioner made his determination (Rathkopf v. Remsen St. Co., 18 A D 2d 923). Said Commissioner, however, applied section 22-b of the former Zoning Resolution which was in effect at the time the permit was issued. It is the court’s view that the petitioner had acquired necessary vested rights regardless of which of those two laws was applied.
Section 11-321 reads as follows: “ If, before the effective date of the resolution, a building permit has been lawfully issued * * * authorizing either a minor development or a major development, such construction may be started or continued after the effective date.” (Emphasis supplied.) Section 11-331, in connection therewith contains the following language:
. “ If, before the effective date *- ■* * of this resolution a building permit has been laiofully issued * * * authorizing a minor development or a major development, such construction may be continued provided that:
*775 “ (a) In the case of a minor development, all work on the foundations had been completed prior to such effective date; or “ (b) In the ease of a major development, the foundation for at least one building had been completed prior to such effective date.”
It is undisputed that the granting of the permit was lawful at the time it was issued as the use for which it was intended conformed to the existing zoning law. It also appears undisputed that the foundations had been completed prior to the effective date of the zoning change. Under the circumstances, the Building Commissioner did not have the power or authority to revoke the permits and prevent the petitioner from completing its construction (Rathkopf v. Remsen St. Co., supra).
Adopting for the purposes of discussion the applicability of section 22-B of the old zoning law, which as indicated above was the law applied by the Commissioner of Buildings, the court finds section 22-B to read as follows:11 Effect of Zoning Change after Construction has been started. If the applicable use * * * or area zoning regulations are changed after operations have been lawfully started on erecting a structure * * * and as a result such structure or use does not conform to the new zoning provisions, ivork on such structure or use may proceed as authorised in the building permit at any time within one year after the effective date of the change of zoning.” (Emphasis supplied.)
In Rosenzweig v. Crinnion (126 N. Y. S. 2d 692, 698) the court, in construing section 22-B stated: “ It seems clear from a reading of Section 22-B that it was intended to apply only where a building permit had already been issued and where ‘ operations 5 ‘ as authorized in the building permit ’ have been ‘ lawfully started on erecting a structure. ’ The references to the ‘ lawful ’ start of operations and to their being ‘ authorized in the building permit ’ indicate that the operations contemplated were those which would normally follow the issuance of a building permit and which would be illegal without such a permit.”
The Commissioner of Buildings, however, in applying said section, exceeded his authority by passing upon the validity of the afore-mentioned restrictive covenant and determining that it prohibited the erection of the proposed structure, and on the basis thereof found that the foundations had been illegally erected and that such work was therefore unlawfully started and accordingly no vested rights accrued to the petitioner permitting it to complete the construction.
Respondent board, while conceding that a permit could not be refused because of the existence of a restrictive covenant, never *776 theless contends that said Commissioner, being authorized to revoke a permit after a zoning change and in connection therewith to determine whether vested rights had accrued, had the right to determine that the work was not lawfully" started because it violated the provisions of the restrictive covenant 'and cites in support thereof Cohen v. Rosevale Realty Co. (120 Misc. 416, affd. 206 App. Div. 681) and Cohen v. Rosevale Realty Co. (121 Misc. 618, affd. 211 App. Div. 812). Neither, of said citations, which stem from the same action, is authority for the position thus taken by respondent board. The first citation involved an application for a temporary injunction and the other was the decision rendered after the trial of the action. As appears from the record on appeal (121 Misc. 618, affd. 211 App. Div. 812), Cohen instituted said action in 1923 after having been successful in a prior action between the same parties. The facts giving rise to the prior action appear to be as follows: On August 8, 1922 Eosevale obtained a permit to construct five buildings containing stores and apartments and thereafter, pursuant to said permit, proceeded with the construction to the extent of completing the excavation work. Eosevale’s property was subject to a restrictive covenant relative to a 10-foot setback required for the construction of business buildings. On August 25, 1922 Cohen brought an action to enjoin Eosevale from constructing the proposed buildings on the ground that said construction violated the afore-mentioned restrictive covenant, and on September 22 obtained a temporary injunction restraining the defendant from proceeding with said construction. The action was tried in November and resulted in the granting of a permanent injunction restraining Eosevale from proceeding with the construction until January 1, 1923, on which date the restrictive covenant terminated. In December, 1922, prior to the expiration date of said covenant and permanent injunction, the Board of Estimate changed the zoning area from a business to a residential section. After January 1, 1923, when the injunction expired, Eosevale proceeded to complete the construction under the original permit which was effective for one year. In February, 1923, as indicated above, Cohen instituted action to restrain Eosevale from building on the ground that the proposed construction violated the amended zoning law. In that action upon the application for a temporary injunction and upon the trial as well, Eosevale took the position that since the proposed construction was not illegal by virtue of any zoning law at the time the permit was issued, its excavation work was lawfully begun and by reason thereof it acquired vested rights which Avere not *777 affected by the zoning change. On both of those occasions it was held that the work begun was in violation of the restrictive covenant and therefore was illegally started and accordingly no ¡vested rights wore acquired.
It is to be noted that in the Cohen case the validity of the •restrictive covenant was determined by the court in the judgment rendered in 1922. Here, however, there has been no such adjudication. The Commissioner of Buildings, in determining ■that the covenant prohibited the erection of the proposed structure, usurped a power that vests solely in a court of competent •jurisdiction; and his revocation of the permit based on his unauthorized act was illegal. (People ex rel. Rosevale Realty Co., v. Kleinert, 204 App. Div. 883, supra; Matter of 109 Main St. Corp. v. Burns, 14 Misc 2d 1037, supra; Forte v. Wolf, 225 N. Y. S. 2d 858, supra.) The basis in applying section 22-B is whether the work was started lawfully. There can be no question •that the work was lawfully started in reliance upon a valid and legal permit.
The amount of work completed at the change of zoning does not appear to be the crux of section 22-B (Matter of Astor Vil. Taxpayers v. Board of Stds. & Appeals, 134 N. Y. S. 2d 5).
Were one to apply the rule of substantial character of the work completed, which was the measuring yardstick prior to the enactment of section 22-B, adopted July 21, 1952, or where such section was not involved, the court would be compelled to hold that such substantial work was completed. (People ex rel. Ortenberg v. Bales, 224 App. Div. 87, affd. 250 N. Y. 598; Matter of Ageloff v. Young, 282 App. Div. 707, supra; People v. Miller, 304 N. Y. 105, supra; Matter of Downey v. Incorporated Vil. of Ardsley, 152 N. Y. S. 2d 195, affd. 3 A D 2d 663; Matter of Caponi v. Walsh, 228 App. Div. 86.)
The authorities cited by the intervening respondents are inapposite in their facts or clearly distinguishable in law as they reveal a lack of substantial work completed or the absence of a building permit.
Accordingly, the motion of the respondents Board of Standards and Appeals is denied. As the respondents’ determination was clearly predicated upon an erroneous conception of the law and there appears to be no dispute as to the nature and extent of the work completed by the petitioner, no triable issue of fact is presented and the certiorari is granted.