■ In the Matter of G. M. L. LAND CORP., Respondent, v. MAX H. FOLEY et al., Constituting the Board of Standards and Appeals of the City of New York, Appellants, and RAYMOND FIRESTONE et al., Intervenors-Appellants.— In a proceeding under article 78 of the former Civil Practice Act, to annul a determination of the Board of Standards and Appeals of the City of New York (affirming the decision of the City's Housing and Buildings Commissioner revoking certain building permits previously issued to the petitioner), the board and the 19 intervenors appeal from an order of the Supreme Court, Kings County, entered June 28, 1963, which: (1) denied the board's motion to dismiss the petition; and (2) annulled the Commissioner's decision revoking said permits and the board's determination affirming such decision. Order reversed on the law, with costs; the board's motion to dismiss the petition granted; and petition dismissed. No questions of fact were considered. On November 16, 1961 the petitioner obtained a building permit to erect a shopping center on its property. The provisions of the then Zoning Resolution allowed the use of the property for such a purpose. At that time, however, the property was burdened with a restrictive covenant to which the petitioner was bound as a signatory and which, by its terms, would expire on July 30, 1962. The covenant pro-

hibited the use of the property for a business or commercial purpose. The intervenors' property in the immediate neighborhood was originally included in the tract for the benefit of which the petitioner had executed the covenant. By December 7, 1961, when an amendment to the Zoning Resolution prohibiting the use of the property for a commercial purpose became effective, the petitioner had completed the excavation, the footings, and practically all of the foundation walls of the proposed building. On February 27, 1962, the permit was renewed by a second permit. At the time of the issuance of both permits the Buildings Commissioner had no knowledge of the existence of the restrictive covenant. On July 30, 1962, upon the intervenors' request and after a hearing, at which the petitioner appeared, the said Commissioner revoked the permits. Upon petitioner's appeal to the board the latter affirmed the Commissioner's determination. In our opinion, the Commissioner had the authority to determine whether the petitioner had acquired any vested rights prior to the change in the zoning regulations which forbade the use of the property for the purpose for which the permits had been issued (Administrative Code of City of New York, § C26–180.0; *Matter of Huron Place Corp.* v. *Schneider*, 3 A D 2d 722). In making his determination the Commissioner could properly consider that the work of the petitioner, which was knowingly done in breach of the restrictive covenant, did not create a vested right under the permits (*Cohen* v. *Rosevale Realty Co.*, 120 Misc. 416, affd. 206 App. Div. 681; *Cohen* v. *Rosevale Realty Co.*, 121 Misc. 618, affd. 211 App. Div. 812; 2 Rathkopf, Law of Zoning and Planning, 74–4; cf. 1916 N. Y. City Zoning Resolution, §§ 11–321, 11–331). From a reading of the record it is clear that the petitioner's hasty action was precipitated by the imminent change in the Zoning Resolution. The restrictive covenant is not tangential in its application, for it refers specifically to the petitioner as one of the parties bound by its provisions; it is not vague in its operation, for it specifically runs with the land; and it requires no interpretation, for its phraseology is not ambiguous. The intervenors, whose properties were benefited by the restrictive covenant and who were entitled to enforce it, were parties to the proceedings both before the Commissioner and before the board; and the intervenors consistently urged that the permits be revoked. Under these circumstances, the petitioner could not acquire a vested right, since the acts claimed to constitute reliance on the permit to the petitioner's alleged prejudice were committed in deliberate violation of a restrictive covenant to which the petitioner was legally bound (cf. *Riggs* v. *Palmer*, 115 N. Y. 506; *People* v. *Schmidt*, 216 N. Y. 324; *Imperial Realty Co.* v. *Tull*, 228 N. Y. 447; *Town of Ramapo* v. *Bockar*, 151 Misc. 613; *Matter of Hinna* v. *Board of Appeals*, 11 Misc 2d 349; *Larson* v. *Howland*, 108 N. Y. S. 2d 231; 6 A L R 2d 960, 962, anno.; Anderson, "Non-Conforming Uses — a Product of Euclidean Zoning," 10 Syracuse L. Rev. 214, 218). Subject to court review of their decisions, administrative officers and boards charged with the duty of enforcing zoning regulations may properly determine claims of vested rights. We have reviewed the Commissioner's and the board's determinations of such claim here. On the basis of this record we conclude that their administrative determinations were clearly based on substantial evidence and should not be disturbed. Hill, Rabin and Hopkins, JJ., concur; Kleinfeld, Acting P. J., and Christ, J., dissent and vote to affirm the order, with the following memorandum by Christ, J., in which Kleinfeld, Acting P. J., concurs: In my opinion the petitioner acquired a vested right in the original permit to build when it made a substantial expenditure on the land in furtherance of the physical improvement. The petitioner then held a valid building permit; and, pursuant to the authority which it conferred, the petitioner expended substantial sums of money in the erection of the building. The city's then Zoning Resolution required the issuance of the permit;

and it could not have been legally withheld because of the alleged restrictive covenant (*People ex rel. Rosevale Realty Co.* v. *Kleinert*, 204 App. Div. 883; *Forte* v. *Wolf*, 225 N. Y. S. 2d 858; *Matter of Fucigna* v. *Sahm*, 15 Misc 2d 304, 310; *Matter of 109 Main St. Corp.* v. *Burns*, 14 Misc 2d 1037; *Manhattan Refrigerating Co.* v. *Fassler*, 165 Misc. 29, 30; cf. *Matter of Isenbarth* v. *Bartnett*, 206 App. Div. 546, affd. 237 N. Y. 617). It is not the business of the municipality to enforce private restrictive covenants and to engage as a party in a litigation to test their validity. Those who claim rights under a restrictive covenant may have those rights adjudicated. Problems arising out of zoning, building codes, permits, nonconforming uses and vested rights are presently complex enough. We should not add a new facet of difficult interplay which will make the validity of a building permit dependent upon restrictive covenants in the chain of title. The municipality's duty is properly confined to the enforcement of its own ordinances and regulations on behalf of the public; it should not be enlarged to include the partisan enforcement of private contractual rights (see *People ex rel. Evens* v. *Kleinert*, 201 App. Div. 751, 755). It is my view that the vindication of private rights, based on private agreements, must be sought by those who claim such rights, in proceedings independent of and separate from applications to a municipal building department for a building permit. [39 Misc 2d 770.]