■ In the Matter of ESTATE OF BARNETT KADIN, Deceased, Petitioner, v ROGER BENNETT et al., Constituting the Board of Standards and Appeals of the City of New York, Respondents. —Proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondent Board of Standards and Appeals of the City of New York, dated November 15, 1988, which denied the petitioner's appeal from a stop-work order issued by the Commissioner of the New York City Department of Buildings.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that the determination is annulled, and the matter is remitted to the respondent Board of Standards and Appeals of the City of New York, for a new determination consistent herewith.

The Commissioner of the Department of Buildings of the respondent City of New York issued a stop-work order on the construction of a building owned by the petitioner on the ground that its building permit had been revoked. The petitioner appealed this determination claiming that it had acquired a vested right to continue the construction. The respon-

dent Board of Standards and Appeals of the City of New York (hereinafter the Board) determined, in relevant part, that the issue of whether the petitioner had acquired a vested right was to be decided by the Supreme Court. However, "[s]ubject to court review of their decisions, administrative officers and boards charged with the duty of enforcing zoning regulations may properly determine claims of vested rights" in the first instance (*Matter of G. M. L. Land Corp. v Foley*, 20 AD2d 645, 646, *affd* 14 NY2d 823).

Contrary to the respondents' further contention, New York City Zoning Resolution § 11-331 does not codify or abolish the common-law doctrine of vested rights. The common-law doctrine is a broader consideration than that posited in that section of the resolution, which confines itself to whether or not certain physical stages of construction relating to excavation and the foundation have been completed. While the general standard in determining vested rights is substantial construction and substantial expenditure made prior to the effective date of the zoning amendment (*see, Matter of Putnam Armonk v Town of Southeast*, 52 AD2d 10, 14-15), unlike New York City Zoning Resolution § 11-331, "[t]here is no fixed formula which measures the content of all the circumstances whereby a party is said to possess 'a vested right' ". Rather, it is a term which sums up a determination that the facts of the case render it inequitable that the State impede the individual from taking certain action (*Matter of Lefrak Forest Hills Corp. v Galvin*, 40 AD2d 211, 218, *affd* 32 NY2d 796, *cert denied sub nom. Baum v Lefrak Forest Hills Corp.*, 414 US 1004). Each case must be determined according to its own circumstances. We therefore remit the matter to the Board for a new determination.

The petitioner's remaining contentions are either without merit or not properly before us. Lawrence, J. P., Kunzeman, Rubin and Rosenblatt, JJ., concur.