■ In the Matter of STEAM HEAT, INC., Appellant, v GASTON SILVA et al., Respondents. [646 NYS2d 537] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Standards and Appeals of the City of New York dated October 11, 1995, which, after a hearing, reversed a determination of the Brooklyn Borough Commissioner of the Department of Buildings which allowed the petitioner, Steam Heat, Inc., to operate an adult entertainment establishment and determined that the petitioner was in violation of zoning regulations, the petitioner appeals from a judgment of the Supreme Court, Kings County (Barasch, J.), dated January 22, 1996, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

Steam Heat, Inc. (hereinafter Steam Heat), began construction of an adult entertainment establishment in Brooklyn in August 1994. Most, but not all, of the necessary construction permits were issued to Steam Heat prior to November 30, 1994, the effective date of an amendment of the New York City Zoning Resolution establishing a one-year moratorium prohibiting the opening of new adult entertainment establishments (see, New York City Zoning Resolution § 11-113). New York City Zoning Resolution § 11-332 provides that if work is not completed pursuant to construction permits issued for a particular use and the New York City Zoning Resolution is thereaf-

ter amended to limit or prohibit that use, the permits automatically lapse, and renewal of the permits may only be obtained by applying to the Board of Standards and Appeals (hereinafter the Board) within 30 days of the date the permits lapsed for a determination as to whether the construction was substantially completed and whether renewal of the permits is warranted.

Although Steam Heat never applied for renewal of the permits to the Board, the City of New York Department of Buildings (hereinafter the Department of Buildings) contacted Steam Heat, on its own initiative, and requested that Steam Heat provide evidence of the status of its construction, which had continued after November 30, 1994. After reviewing Steam Heat's evidence, the Department of Buildings determined that Steam Heat had substantially completed construction, and, therefore, it renewed the appropriate permits. A temporary certificate of occupancy was issued on April 5, 1995, and Steam Heat opened its doors on April 21, 1995.

The Borough President of Brooklyn appealed the Department of Buildings' determination to the Board. After public hearings, and after the members of the Board had visited the Steam Heat premises, the Board determined that the Department of Buildings did not have the authority to renew Steam Heat's building permits. Moreover, the Board concluded that, based upon the evidence in the record, Steam Heat had failed to substantially complete construction prior to the effective date of the moratorium, and, therefore, its right to obtain new permits and to open for business had not vested.

Steam Heat contends that the Board was not the exclusive arbiter of permit renewals and of whether a premises owner's rights had vested under New York City Zoning Resolution § 11-332. Further, it contends that there was insufficient evidence in the record to support the Board's finding that Steam Heat's right to obtain renewed permits had not vested prior to the effective date of the moratorium (see, CPLR 7803 [4]).

New York City Zoning Resolution § 71-00 states that the Commissioner of the Buildings Department shall administer and enforce the provisions of the New York City Zoning Resolution except as otherwise specifically provided in the New York City Zoning Resolution. Contrary to Steam Heat's contention, New York City Zoning Resolution § 11-332 explicitly requires that applications to renew building permits must be made to the Board. Under the circumstances, the Board was correct in concluding that the Department of Buildings did not have the authority to make a determination as to whether Steam Heat's right to renewed permits had vested.

The Board also correctly determined that Steam Heat's rights had not vested under New York City's Zoning Resolution § 11-332. The general standard for determining vested rights is whether an owner of premises containing a nonconforming use has undertaken substantial construction *and* made substantial expenditures prior to the effective date of the amendment (*see, Matter of Ellington Constr. Corp. v Zoning Bd. of Appeals,* 77 NY2d 114, 122; *see also, Matter of Estate of Kadin v Bennett,* 163 AD2d 308). There was substantial evidence before the Board that only one third of the 11,000 square foot premises was devoted to the adult entertainment use, therefore, the Board was justified in considering only that construction and those expenditures directly related to the adult entertainment use in determining whether Steam Heat had acquired a vested right to continue the adult entertainment use in light of the new zoning restrictions (*see, Matter of Estate of Kadin v Bennett,* 163 AD2d 308, 309, *supra*; *see also, Town of Hempstead v Lynne,* 32 Misc 2d 312; 1 Anderson, New York Zoning Law and Practice § 6.18, at 231, 234 [3d ed]).

While the evidence regarding the expenditures directly related to construction of the adult entertainment use was inconclusive, the vested rights determination does not depend solely upon evidence of expenditures. The record further indicates that upon visiting the premises during the hearings, the members of the Board concluded that the construction related to the adult entertainment use was of the "most basic and impermanent nature with rudimentary detailing and flimsy and inexpensive materials". This observation was made more than five months after Steam Heat had claimed that all construction had been completed. Other evidence supported the Board's conclusion that the construction was not substantially completed on the effective date of the moratorium.

Under the circumstances, Steam Heat failed to present evidence of both substantial expenditures and substantial construction. Therefore, the Supreme Court properly determined that the Board's conclusions were rationally based upon substantial evidence (CPLR 7803 [4]; *see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 182).

The petitioner's remaining contentions are without merit. Bracken, J. P., Copertino, Pizzuto and Goldstein, JJ., concur.