Per Curiam.

The principal issue is whether the language of section 200 of the New York City Charter mandates the originating or adopting of zoning resolutions in the City Planning Commission, and whether the Board of Estimate complied with the requirements of that section in adopting the “ stopgap ” interim zoning resolution.
Petitioners-respondents (petitioners) had obtained all the necessary approvals from the appropriate State and municipal authorities for the construction of the Rockaway Care Center, a facility which would contain 135 health-related facility beds and 80 nursing home beds.
On September 17,1973, petitioners were granted a foundation permit from the Department of Buildings of the City of New York. Petitioners commenced construction of the foundation and by December 7, 1973 had expended or become liable for approximately $700,000 and were within approximately five days of completion of all foundation work. On December 6, 1973, respondents-appellants (respondents) adopted a so-called stop-gap resolution which directed the Commissioner of Buildings to suspend all permits for the construction of nursing homes and health-related facilities where substantial work had not been completed. The suspension was to remain in effect for approximately 35 days, pending consideration by the Board of Estimate of legislation affecting construction of such facilities. The resolution effectively halted work on petitioners’ project.
Petitioners commenced this proceeding seeking a judgment directing the issuance of foundation and building permits. After dismissal of the petition, petitioners appealed to the Appellate *328 Division, which reversed the order and judgment and granted the petition.
The clear language of section 200 of the New York City Charter delegates to the City Planning Commission the duty of originating zoning resolutions. Section 11-33 of the Zoning Regulations of the City of New York sets forth how the provisions of that section shall apply to minor developments or major developments authorized by building permits lawfully issued before the effective date of any applicable amendment. It provides, in part, that a right to construct shall vest if the foundations are completed in the case of a minor development. In the case of a major development, the right shall vest if the foundations for at least one building of the development, or the only building in the case of a development consisting of a single mixed building, have been completed prior to such effective date. While the power to originate zoning was given to the City Planning Commission, it was subject to a power in the Board of Estimate to approve, disapprove or modify the commission’s resolution. (New York City Charter, § 200.) There is no question here of the right of a government to adopt interim or stop-gap zoning. The only contention is that when such resolutions are adopted, they must be adopted in accordance with the law.
Added Item No. 4 on the Board of Estimate calendar for December 6, 1973 was a proposed amendment of the Zoning Resolution of the City of New York with respect to nursing homes, etc., which was referred to the Board of Estimate by the City Planning Commission pursuant to section 200 of the Charter. The board, however, elected not to act upon that resolution, acting instead upon Added Item No. 7, the so-called stopgap resolution, and putting off consideration of Added Item No. 4 until later in the month.
Under the zoning ordinances existing at the time of the granting of the permit to the petitioners, and in light of the progress made towards construction of the foundation, petitioners had a right to “ vest ” their interest by completion of the foundation as well as to later secure the exception provided for under the zoning ordinance as ultimately amended.
*329 The action of respondents in adopting the stop-gap resolution without compliance with the charter requirements, and the directive to suspend foundation and building permits already issued, was both improper and illegal with respect to these petitioners. Having unlawfully barred construction, respondents should now be estopped from using their own illegal acts as a basis for claiming the foundations were not completed in time for petitioners’ rights under the city zoning regulations to vest,
As a general rule, the court is constrained to decide cases on the law as it exists at the time of the decision. (Matter of Town Bd. of Town of Huntington v. Plonski, 13 A D 2d 704, affd. 10 N Y 2d 1035; Matter of Demisay, Inc. v. Petito, 31 N Y 2d 896, 897.) This case, however, can be distinguished from the cited cases. In Town Board of Huntington v. Plonski (supra), no building permit had been issued and construction work had not commenced. And in Matter of Demisay, Inc. v. Petito (supra) the application by petitioner for a special use permit had been denied. In this case, not only had petitioners received all the necessary approvals from the State and municipal authorities, but they had actually commenced construction of the foundation and lacked but a few days of completion of the same, upon which their rights would have vested. In other words, the work had been commenced not only with the approval, but with the actual permission of the respondents. As a result of such permission and approval, petitioners had changed their position to their detriment and had expended a substantial sum of money. Respondents properly could have amended the zoning ordinance if it were done in accordance with the law and the powers granted under the statute. This was not the case.
Accordingly, the order of the Appellate Division should be affirmed, with costs, on the majority memorandum of the Appellate Division, and with the additional observations herein set forth.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Rabin and Stevens concur in Per Curiam opinion.
Order affirmed, with costs.