Jones, J.
(concurring). I concur in the result reached by the majority.
In my view, the city zoning requirement of certification by the appropriate governmental agency (the State Department of Health in Bayswater; the State Board of Social Welfare in Lee) was not a condition precedent to the issuance of the building permit. The zoning resolution does not prescribe any such condition precedent, and in a practical sense so to hold might be to foster an Alphonse and Gaston routine — with city building permit issuance dependent on State agency certification and State agency certification dependent on issuance of a city building permit. Read in one light the regulations of the State Board of Social Welfare now stipulate approval by the city’s Building Department as a condition precedent to board certification (18 NYCRR 20.2 [c]).
Precisely speaking the city building permit refers to construction of facilities while State agency certification and zoning restriction refer to use of facilities. It could be argued, both from a practical point of view and as a matter of logic, that satisfaction of construction requirements should antedate conformity to use restrictions. The applicant for permission to construct is not necessarily the applicant for authorization to use; construction will necessarily precede use in point of time;, and scrutiny of a use application necessarily involves a much broader scope of inquiry.
It suffices, however, for present purposes only to hold that State agency certification is not always a condition precedent to issuance of a city building permit; it is not necessary to decide now whether issuance of a building permit should always be a prerequisite to State agency certification. There is no evidence in this record that the former system in which in practice neither requirement was accorded mandatory precedence over the other caused operational difficulties. It may even be said that it would be injudicious for a court, in an area of overlapping cognizance of two governmental units, to assign a categorical priority status to the mandates of one unit over those of the other, particularly in a proceeding to which the other is not a party and in which, therefore, it has *418 had no opportunity to advance administrative or other considerations in favor of no priority at all or of a priority in its favor. The judiciary should be hesitant to lay down absolute rules of practice in areas which are essentially administrative, where two agencies are given concurrent responsibility, in the absence of legislative command or at least until opportunity has been afforded each agency to be heard.
As the majority opinion notes, the records in these cases disclose that it had not been the administrative practice of the city officials charged with responsibility for enforcement of section 22-13 of the Zoning Resolution to require prior State agency certification, either before or after the amendment of March, 1973. It was only in response to public clamor and political pressure, culminating in the adoption of the stop-gap resolution which we held unlawful in Matter of Temkin v Karagheuzoff (34 NY2d 324), that toward the end of 1973 there was a radical change in administrative attitude and resort was had for the first time to exaction of prior State agency certification.
In my view these building permits were originally legally issued. Accordingly subsequent revocation of each permit was properly annulled and the permit reinstated in the light of the progress made towards alteration of the premises and of the fact that by the expenditure of substantial sums of money each petitioner had changed its position to its detriment (Matter of Temkin v Karagheuzoff, supra).