■ In the Matter of RICHARD L. ROWLAND et al., Individually and Doing Business as COLONIAL MANOR HEALTH RELATED FACILITY, Appellants, v ROBERT P. WHALEN, as Commissioner of the Department of Health of the State of New York, et al., Respondents.—Judgment, Supreme Court, New York County, entered March 21, 1977, which dismissed the petition in an article 78 proceeding, unanimously reversed, on the law, to grant the petition to the extent of directing an administrative hearing, without costs and without disbursements. Petitioners for many years have been licensed operators of a nursing home in The Bronx. In 1971, they submitted an application for construction and and establishment of a 240-bed health-related facility to be run in conjunction with the nursing home. Upon indication that the New York State Health Commissioner would approve,

the petitioners, through a subsidiary, purchased the site. However, thereafter the New York City Board of Estimate amended its zoning requirements, reducing the permissible floor area to total area, which made the site inadequate for a 240-bed facility. When petitioners' application for a variance was denied, permission was sought from the New York State Department of Health for a 156-bed facility, which would comply with the zoning requirement. The department stated that the project could proceed as a matter of "right" for construction, but that the concept was still to be reviewed. Thereafter, the board of estimate imposed a moratorium on all construction of nursing homes and health-related facilities, and it was not until the determination in *Matter of Temkin v Karagheuzoff* (34 NY2d 324) which held the moratorium illegal, that the petitioners were finally able to proceed with construction. In the meantime, the petitioners had some difficulty with the State Department of Health with respect to the nursing home and some alleged structural defects, pursuant to which the petitioners brought on an article 78 proceeding leading to a stipulation of discontinuance. At the end of 1975, petitioners were informed that the application for a new construction of a 156-bed health-related facility was disapproved on the basis of "competence", although seemingly, construction previously had been approved and only concept was subject to further approval, and the issue of "competence" was a new item. Petitioners could have asked for a public hearing, but understandably in view of the long delay opted for court review in an article 78 proceeding. There is a question as to whether the determination of lack of "competence" was not arbitrary and capricious. However, this would best be determined in an administrative hearing where the current situation, which seems to be favorable to the petitioners, could also be taken into account. Accordingly, we reverse to the extent of directing such a hearing. Concur—Kupferman, J. P., Lupiano, Markewich and Yesawich, JJ.