■ In the Matter of CAROL BRYSON, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of respondent Commissioner of the New York State Department of Social Services, dated January 12, 1982, made after a statutory fair hearing, which confirmed the determination of the local agency denying petitioner's request for retroactive reimbursement for medically related transportation expenses incurred from February, 1977 through September, 1981. Petition granted to the extent that the determination of the State commissioner is annulled on the law, without costs or disbursements, and matter remitted to the local agency for further proceedings in accordance herewith. The determination of respondent State commissioner confirmed a determination of the local agency denying petitioner's request for retroactive reimbursement for medically related transportation expenses incurred by petitioner from February, 1977 through September, 1981. Petitioner and her 11-year-old autistic son began receiving medical assistance in February, 1977. The child has chronic inner ear problems, suffers from allergies and requires frequent medical attention. Petitioner used her own car to take him to his doctor's appointments and, as a result, incurred out-of-pocket medically related transportation expenses. Section 365-a (subd 2, par [j]) of the Social Services Law provides that one receiving medical assistance is entitled to "transportation when essential to obtain care and services in accordance with this section, upon prior approval, except in cases of emergency". 18 NYCRR 505.10 states that transportation expenses should be provided as necessary when authorized by a local social services official. Section 363 of the Social Services Law mandates that respondents must make "every effort * * * to promote maximum public awareness" about the medical assistance program and section 364 (subd 1, par [f]) of the Social Services Law charges the local agency with the responsibility of generally "publishing and distributing to the public, from time to time, information relating to the medical assistance program * * * and the procedure for obtaining, such assistance". The local agency and the State commissioner contend that they fulfilled their statutory duties by the publication and dissemination of various newsletters. In July, 1978 the local agency sent a newsletter to all recipients with their checks which referred only to the existence of a Medicaid taxi. In newsletters dated May and July, 1981, the

availability of public transportation by bus in Suffolk County was referred to. And finally, in November, 1981, subsequent to petitioner's original request for reimbursement for her medically related transportation expenses, a newsletter was distributed which discussed reduced bus fare tokens for Supplemental Security Income recipients. We do not agree that respondents fulfilled their statutory obligations under the Social Services Law. The first newsletter, which was published some 17 months after petitioner began receiving medical assistance, merely provided general information concerning transportation. None of the newsletters mentioned that reimbursement was available when a recipient used his or her own car for transportation to and from necessary medical care. The first newsletter referred only to the availability of a Medicaid taxi, with no further explanation, and the three subsequent newsletters discussed generally the availability of public bus transportation. We conclude, under the circumstances here present, that respondents' statutory obligation to inform medical assistance recipients of the services available to them was not fulfilled by the dissemination of publications as general as the ones distributed by respondents in the instant case. Generally, except for those situations involving emergencies, recipients of medical assistance are not entitled to reimbursement for transportation expenses incurred, even though essential to obtain medical care, unless prior authorization has first been obtained from the local agency (Social Services Law, § 365-a, subd 2, par [j]; 18 NYCRR 505.10). However, since petitioner had no knowledge prior to July, 1978 of the availability of reimbursement of medically related transportation expenses and the procedure for obtaining such reimbursement, and the purported notifications subsequent thereto were ineffectual, respondents cannot now deny her request for retroactive reimbursement for these expenses, even though petitioner did not comply with the requirement of obtaining prior approval (see *Matter of Weir v Berger,* 57 AD2d 629). Accordingly, this matter is remitted to the local agency for a determination of the out-of-pocket medically related transportation expenses incurred by petitioner during the period from February, 1977 through September, 1981, and for the retroactive reimbursement of such. Gibbons, J. P., Bracken, Brown and Niehoff, JJ., concur.