■ In the Matter of IRVING EBINGER, by His Guardian ad Litem, ANNE EBINGER, Appellant, v CESAR PERALES, as Commissioner of Social Services of the State of New York, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent State Commissioner, dated July 19, 1983 and made after a statutory fair hearing, as reversed the respondent local agency's determination to provide limited personal care services to the petitioner, the petitioner appeals from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Kassoff, J.), dated September 12, 1984, as granted the petition only to the extent of directing the respondent local

agency to reimburse the petitioner at the established payment rate pursuant to 18 NYCRR 360.27.

Order and judgment affirmed, insofar as appealed from, without costs or disbursements.

The petitioner seeks reimbursement for actual, out-of-pocket expenses incurred in obtaining necessary home care services for the period of January 5, 1983 to February 23, 1983, on the ground that the respondent local agency failed to expedite and timely process his application for home care services. The record is clear that the respondent local agency did fail to properly process the petitioner's application, and that reimbursement is, therefore, required. The sole question here concerns the rate at which reimbursement is to be made, that is, whether the petitioner is entitled to recover his actual out-of-pocket expenses, or whether his recovery is limited to the established Medicaid rate *(see,* 18 NYCRR 360.27). Special Term determined that the delay, although unjustified, did not mandate reimbursement at other than the established payment rate. We agree that the petitioner's recovery must be limited to reimbursement at the established rate, but for a different reason.

Under earlier decisions of this court, the petitioner would have been entitled to reimbursement of actual, out-of-pocket expenses *(see, e.g., Matter of Lustig v Blum,* 80 AD2d 558; *Matter of Bryson v Blum,* 97 AD2d 514). However, apparently in response to that line of cases, the respondent Perales has amended the applicable regulations to specifically provide that reimbursement may be made directly to the recipient, or the recipient's representative, but only at "the rate or fee provided by Medicaid at the time the service was rendered" (18 NYCRR 360.17 [a] [4]). This amendment was effective in January 1985, subsequent to the determination of Special Term, but while the instant appeal was pending.

As a general rule, in the absence of special circumstances, an appellate court must apply the law as it exists at the time of its decision *(see, e.g., Matter of Alscot Investing Corp. v Incorporated Vil. of Rockville Centre,* 64 NY2d 921, *affg* 99 AD2d 754; *Matter of Temkin v Karagheuzoff,* 34 NY2d 324, 329; *Matter of Gardiner v Lo Grande,* 83 AD2d 614, *affd* 60 NY2d 673). No special circumstances exist in the instant case warranting departure from the general rule; this is not a situation involving, for example, detrimental reliance by the petitioner or bad faith on the part of the respondents *(see, e.g., Matter of Alscot Investing Corp. v Incorporated Vil. of Rock-*

*ville Centre, supra; see also, Matter of Temkin v Karagheuzoff, supra; Matter of Faymor Dev. Co. v Board of Stds. & Appeals,* 45 NY2d 560), and consequently, we are constrained to hold that the petitioner's reimbursement is limited to the established Medicaid rate at the time the service was rendered. Mangano, J. P., Rubin, Eiber and Kooper, JJ., concur.