OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division, insofar as appealed from, should be affirmed, with costs.
 

 In anticipation of forthcoming amendments to chapter 104 of the Village Code, a local law governing display signs, respondents imposed a partial moratorium on the issuance of sign permits. Subsequently, petitioner applied for permission to construct a roof sign, the plans for which satisfied the requirements of chapter 104 as it then existed. Respondents having failed to act on the application for six weeks, petitioner commenced this article 78 proceeding seeking, among other relief, a declaration that the moratorium was invalid and an order directing respondents to issue the permit. Prior to entry of judgment, the amendment to chapter 104 became effective, under which petitioner’s proposed roof sign would not be permitted. Accepting petitioner’s argument that the amended law should not apply, Special Term directed the permit to issue. The Appellate Division reversed, perceiving no exception to the general rule that the law as it exists at the time a decision is rendered on appeal is controlling (99 AD2d 754), and we affirm that conclusion.
 

 Absent here is the degree of detrimental reliance found in
 
 Matter of Temkin v Karagheuzoff
 
 (34 NY2d 324) or the extensive delays indicative of bad faith present in
 
 Matter of Pokoik v Silsdorf (40
 
 NY2d 769) which could preclude reliance by respondents on the new law
 
 (see also, Matter of Faymor Dev. Co. v Board of Stds. & Appeals,
 
 45 NY2d 560). Petitioner does not dispute the power of the village to impose a moratorium of this type, but challenges the procedure employed in its adoption. We do not reach the issue of validity of the enactment procedure because, under the circumstances of this case, even a defect in
 
 *923
 
 the procedure, without more, would not oblige a court to apply a law which has been superseded
 
 (compare, Matter of Temkin v Karagheuzoff,
 
 34 NY2d 324,
 
 supra).
 

 Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur.
 

 Order, insofar as appealed from, affirmed, with costs, in a memorandum.