■ In the Matter of SHILOH GOSPEL CHAPEL, INC., Appellant, v DOROTHY ROER et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the City of White Plains, dated May 10, 1988, reversing a determination of the Commissioner of Building of the City of White Plains and remitting the matter to him for a recomputation as to the number of off-street parking spaces required under the applicable zoning ordinance for the petitioner's proposed site plan, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Cowhey, J.), entered April 14, 1989, which, after applying the pertinent provisions of the zoning ordinance as subsequently amended, dismissed the proceeding as academic.

Ordered that the judgment is affirmed, with costs.

As the parties to the instant appeal concede, it is well-settled that a court will apply the zoning ordinance in existence at the time of its decision (see, *Matter of Temkin v Karagheuzoff*, 34 NY2d 324; *Matter of Demisay, Inc. v Petito*, 31 NY2d 896; *Matter of Cathedral of Incarnation v Glimm*, 97 AD2d 409, *affd* 61 NY2d 826). In the instant case the controversy surrounding the number of off-street parking spaces required for the petitioner's proposed church existed only under the former zoning ordinance which was amended while the proceeding was pending before the Supreme Court (see, *Lander v Wilson*, 100 AD2d 896). As the amendment of the ordinance rendered that controversy academic, the Supreme Court correctly dismissed the petitioner's proceeding.

Furthermore, there is no basis in this record to invoke the so-called "special facts exception" pursuant to which the former ordinance might still be deemed controlling (see, *Matter of Pokoik v Silsdorf*, 40 NY2d 769). There was no undue delay in the consideration and processing of the petitioner's application (see, *Matter of Aversano v Two Family Use Bd.*,

117 AD2d 665) and the record does not reveal the existence of bad faith. In this regard, it must be noted that notwithstanding the apparently improper participation in the consideration of the petitioner's variance application by an interested member of the Zoning Board of Appeals, that governmental entity did not delay consideration of the petitioner's application pending the adoption of the amended ordinance by the Common Council of the City of White Plains. The record is devoid of any evidence suggesting that the Common Council acted in bad faith or that any intra-governmental conspiracy was responsible for the petitioner's inability to obtain the necessary variances. Accordingly, the court correctly applied the amended ordinance and the proceeding was correctly dismissed.

We have reviewed the petitioner's remaining contentions and find them to be without merit. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.