■ In the Matter of GEORGE HAZZARD, Respondent, v JOHN MORAITIS et al., Constituting the Zoning Board of Appeals of the Village of Buchanan, Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination by the Zoning Board of Appeals of the Village of Buchanan, which denied the petitioner's application for a special permit to

convert an existing one-family structure to a two-family structure, the appeal is from a judgment of the Supreme Court, Westchester County (Nicolai, J.), entered April 11, 1989, which annulled the determination and granted the petition.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the determination is confirmed.

Subsequent to the Supreme Court's determination granting the petitioner's application for a special use permit, the relevant provisions of the Village zoning ordinance were amended. The ordinance now requires, *inter alia,* that one seeking a special use permit for an accessory apartment must have occupied the dwelling in question for a period of at least three years prior to the date of the application (Village of Buchanan Code § 54-2 [B]), a requirement with which the petitioner cannot establish compliance. Inasmuch as the law as it exists at the time a decision is rendered on appeal is controlling *(see, Matter of Alscot Investing Corp. v Board of Trustees,* 64 NY2d 921; *Matter of Demisay, Inc. v Petito,* 31 NY2d 896; *Matter of McDonald's Corp. v Village of Elmsford,* 156 AD2d 687, 688-689; 2 Anderson, New York Zoning Law and Practice § 26.23, at 409-410 [3d ed]), the Supreme Court's judgment must be reversed, and the determination denying the special permit confirmed. Kunzeman, J. P., Kooper, Eiber and O'Brien, JJ., concur.