■ In the Matter of GEORGE G. SEMERJIAN, Appellant, v MARDOONI VAHRADIAN, as Chairman of the Planning Board of the Incorporated Village of Southampton, et al., Respondents. —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Planning Board of the Incorporated Village of Southampton, dated June 5, 1989, which denied the petitioner's application for site plan approval, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Floyd, J.), entered July 26, 1990, which confirmed the determination and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In the present case, owing to an amendment of the zoning ordinance while the proceeding was pending before the Supreme Court, the petitioner's proposed use for the site is no longer a permitted one *(see,* Local Laws, 1990, No. 2 of the Village of Southampton). The petitioner failed to establish "special facts" which would permit application of the prior zoning ordinance *(see, Matter of Pokoik v Silsdorf,* 40 NY2d 769, 772-773). Thus, the existing ordinance is controlling *(see, Matter of Alscot Investing Corp. v Incorporated Vil. of Rockville Centre,* 64 NY2d 921; *Matter of Shiloh Gospel Chapel v Roer,* 170 AD2d 608). Mangano, P. J., Lawrence, and Miller, JJ., concur.

Balletta, J., dissents and votes to reverse the judgment and remit the matter to the Supreme Court, Suffolk County, for further proceedings, with the following memorandum: The petitioner submitted a proposed site plan to the respondents in connection with his plans to construct an "auditorium" or "meeting hall". The respondents concluded that because these terms were not defined in the Village of Southampton zoning ordinance, they were unable to determine whether or not the zoning ordinance would permit the petitioner's proposed facility. Therefore, the respondents denied the application for site plan approval, suggesting that the petitioner apply to the Village Board of Trustees of the Village of Southampton for clarification.

The respondents improperly based the denial of the petitioner's site plan application on their interpretation of the zoning ordinance, a power vested exclusively in the zoning board of appeals *(see, Rattner v Planning Commn.* 103 AD2d 826). Furthermore, the record does not support the respondents' findings concerning the proposed site plan's inadequacy in any

respect save the petitioner's failure to include an exterior lighting plan. In particular, the site plan, as submitted, clearly demonstrated that sufficient parking spaces were provided for in accordance with the zoning ordinance.

However, as the respondents point out, subsequent to its determination, the zoning ordinance was amended in material part such that the proposed use is no longer permitted at the petitioner's site. The rule is that an appellate court must apply the law as it exists at the time of its decision unless "special facts" are present to show that the municipality, in bad faith, delayed or denied approval of a proper application while it altered the zoning ordinance to bar the prospective development (see, Matter of Pokoik v Silsdorf, 40 NY2d 769, 772-773; Matter of Shiloh Gospel Chapel v Roer, 170 AD2d 608; Matter of Hatcher v Planning Bd., 111 AD2d 812).

Site plan approval was improperly denied by the Planning Board of the Incorporated Village of Southampton based upon the respondents' unauthorized interpretation of the zoning ordinance. The Town Board thereafter amended the ordinance, not for the purpose of clarification but, rather, to prohibit the proposed use. The improper denial by the Planning Board, in combination with the subsequent amendment of the ordinance, suggests the possibility that the respondents acted in bad faith. I would, therefore, remit the matter to the Supreme Court, Suffolk County, for a hearing on this issue.