█ In the Matter of MILLERTON PROPERTIES ASSOCIATES et al., Appellants, v TOWN OF NORTH EAST ZONING BOARD OF APPEALS, Respondent. [643 NYS2d 169] —In a proceeding pursuant to CPLR article 78 to review so much of a determination of the Town of North East Zoning Board of Appeals, dated August 23, 1994, as (1) denied the branch of the petitioners' application which was to operate a New York State licensed shooting preserve in the Town of North East's very low density (R3A) district, and (2) denied the branch of its application which was to allow its clubhouse to offer meals and overnight lodging, the petitioners appeal from a judgment of the Supreme Court, Dutchess County (Beisner, J.), entered May 16, 1995, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Subsequent to the determination of the Town of North East Zoning Board of Appeals (hereinafter the Board) now being reviewed, the Town of North East amended its zoning code in several respects relevant to this proceeding. Generally, an appellate court must apply the law as it exists at the time of its decision, unless special circumstances indicate that the prior law should be applied (*see, e.g., Matter of Pokoik v Silsdorf,* 40 NY2d 769; *Matter of McDonald's Corp. v Village of Elmsford,* 156 AD2d 687). Absent in this case is the degree of detrimental reliance or bad faith delays by the municipality which would justify application of the prior law (*see, Matter of Alscot Investing Corp. v Incorporated Vil. of Rockville Centre,* 64 NY2d 921; *Matter of Pokoik v Silsdorf, supra; Matter of Temkin v Karagheuzoff,* 34 NY2d 324).

Under the amended zoning code, a shooting preserve is permitted in a land conservation (LC) district only after obtaining a special use permit (*see,* Local Laws, 1995, No. 4 of the Town of North East § A [7]). A shooting preserve is not permitted in a R3A district as a principally permitted use or as a specially permitted use. The amended zoning code also distinguishes a shooting preserve from a rod and gun club and states that the operation of a rod and gun club shall not include the operation of a shooting preserve (*see,* Local Laws, 1995, No. 4 of the Town of North East § A [1]). Thus, the petitioners may not operate a shooting preserve in that portion of their property zoned R3A.

The amended zoning code also removed rod and gun clubs from the list of principally permitted uses in R3A and LC districts; a special use permit is now required to operate a rod and gun club in either of those districts (*see,* Local Laws, 1995, No. 4 of the Town of North East § A [4], [5]). If a special use permit is obtained to operate a rod and gun club, the club may maintain a "meeting house" where food and lodging may be offered to club members (*see,* Local Laws, 1995, No. 4 of the Town of North East § E).

Since the petitioners commenced operation of their rod and gun club in accordance with the Board's August 23, 1994, determination prior to the amendment of the zoning code, they may have a vested right to continue operating the rod and gun club and to maintain the clubhouse in the manner allowed under the Board's determination (*see, Matter of C & S Golf & Country Club Corp. v Stevens,* 60 AD2d 841; *see also, People v Miller,* 304 NY 105, 107). However, any right the petitioners may have to continue operating the rod and gun club or the clubhouse may not be extended or enlarged (*see, Garcia v Holze,* 94 AD2d 759). Therefore, the petitioners may not offer food and lodging at their clubhouse unless a permit is obtained. Thompson, J. P., Santucci, Joy and Altman, JJ., concur.