■ In the Matter of Angelo Buffolino èt al., Respondents, v Board of Zoning and Appeals of the Incorporated Village of Westbury, Appellant. [646 NYS2d 179] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning and Appeals of the Incorporated Village of Westbury dated November 15, 1994, which, after a hearing, denied the petitioners' application for a variance, the Board of Zoning and Appeals of the Incorporated Village of Westbury appeals from a judgment of the Supreme Court, Nassau County (Goldstein, J.), entered July 17, 1995, which granted the petition and directed the Village superintendent of buildings to issue a permit to the petitioners.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits.

Subsequent to the Supreme Court's determination granting the petition and directing the Village superintendent of buildings to issue a permit to the petitioners, the relevant provisions of the Code of Village of Westbury were amended. The Code of Village of Westbury now requires, *inter alia,* that attached garages must comport with the 10-foot side-yard setback requirement (*see,* Code of Village of Westbury §§ 50-2, 50-11, 50-175 [E]), a requirement with which the petitioners cannot establish compliance. Since the law as it exists at the time a decision is rendered on appeal is controlling (*see, Matter of Semerjian v Vahradian,* 186 AD2d 202; *Matter of Hazzard v Moraitis,* 172 AD2d 753, 754; *Matter of Shiloh Gospel Chapel v Roer,* 170 AD2d 608), the petitioners are not entitled to a permit as of right. Moreover, there are no special facts present indicating that the Village acted in bad faith (*see, Matter of Pokoik v Silsdorf,* 40 NY2d 769). Therefore, the Supreme Court's judgment must be reversed and the determination denying the variance confirmed.

The petitioners' claim that they were entitled to a permit as

of right prior to the amendment of the zoning law is precluded from judicial review because this issue was not raised at the administrative level (*see, Matter of Hughes v Suffolk County Dept. of Civ. Serv.,* 74 NY2d 833; *Matter of Klapak v Blum,* 65 NY2d 670; *Matter of Edgar v Jorling,* 225 AD2d 770; *Matter of Old Dock Assocs. v Sullivan,* 150 AD2d 695; *Matter of Patino v Scully,* 135 AD2d 637; *Matter of North Ridge Enters. v Town of Westfield,* 87 AD2d 985, *affd* 57 NY2d 906; *Matter of Lewis v Village Bd. of Trustees,* 48 AD2d 952). Bracken, J. P., Copertino, Pizzuto and Goldstein, JJ., concur.