■ In the Matter of ARMANDO MARASCO, Respondent, v ZONING BOARD OF APPEALS OF THE VILLAGE OF WESTBURY et al., Appellants. [662 NYS2d 801] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Westbury dated March 18, 1996, which, after a hearing, denied the petitioner's application for a building permit, the appeals are from (1) a decision of the Supreme Court, Nassau County (McCarty, J.), dated October 7, 1996, which determined that "the petitioner is entitled to judgment remanding this matter to the Zoning Board of Appeals with a direction that the * * * Board reject the determination of * * * [Michelle] Depew that petitioner's proposed use violates section 50-156 of the Westbury Code", and (2) a judgment of the same court dated November 7, 1996, which, *inter alia*, (a) granted the petition, (b) vacated and annulled the determina-

tion of the Zoning Board of Appeals of the Village of Westbury, and (c) directed the Zoning Board of Appeals of the Village of Westbury to issue a determination overruling the determination of Michelle Depew.

Ordered that the appeal from the decision is dismissed as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the judgment is reversed, on the law, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits; and it is further,

Ordered that the appellants are awarded one bill of costs.

While the instant appeal was pending, the Code of the Village of Westbury (hereinafter the Code) was amended to prohibit the petitioner's proposed use for his site (*see,* Local Laws, 1997, No. 1 of Village of Westbury §§ 50-149, 50-156). Absent certain exceptions that are not present in the case before us, the law as it exists at the time a decision is rendered on an appeal is controlling (*see, Matter of Buffolino v Board of Zoning & Appeals,* 230 AD2d 794; *Matter of Semerjian v Vahradian,* 186 AD2d 202; *Matter of Hazzard v Moraitis,* 172 AD2d 753, 754; *Matter of Shiloh Gospel Chapel v Roer,* 170 AD2d 608). Accordingly, the petitioner is no longer entitled to a building permit as of right. The petitioner failed to establish "special facts" indicating that the Village of Westbury acted in bad faith when it amended the Code, which would permit application of the prior zoning ordinance (*see, Matter of Pokoik v Silsdorf,* 40 NY2d 769; *Matter of Buffolino v Board of Zoning & Appeals, supra; Matter of Semerjian v Vahradian, supra*). Therefore, the Supreme Court's judgment must be reversed and the determination denying the petitioner's application for a permit confirmed. Bracken, J. P., Rosenblatt, Goldstein and Luciano, JJ., concur.