■ In the Matter of EUGENE PRESSMAN et al., Respondents, v THOMAS GUNTHER et al., Appellants. [663 NYS2d 252] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Mamaroneck, dated November 1, 1995, which, after a hearing, reversed

the approval by the Building Inspector of the Town of Mamaroneck of the petitioners' construction of a stone wall with columns, the appeal is from a judgment of the Supreme Court, Westchester County (Colabella, J.), dated July 26, 1996, which annulled the determination and reinstated the building permit to the petitioners.

Ordered that the appeal by Thomas Gunther, Arthur Wexler, Nina Reccio, Patrick Kelleher, Jay Renee Simon, and William E. Jakubowski is dismissed as withdrawn in accordance with a letter to this Court dated April 22, 1997; and it is further,

Ordered that the judgment is reversed, on the law, the petition is denied, and the determination is confirmed; and it is further,

Ordered that the appellant Lauren Miralia is awarded one bill of costs, payable by the respondents.

In October 1995 the Zoning Board of Appeals of the Town of Mamaroneck (hereinafter the Board) interpreted Town of Mamaroneck, Zoning Code § 89-44 D (hereinafter the Town Code) as including columns, pillars, posts, and similar objects within the four-foot height restrictions for walls and fences. Consequently, the Board reversed the Building Department's approval of the petitioners' application for a permit to construct a 4-foot stone wall with 11-foot columns. The Supreme Court subsequently annulled the Board's determination and reinstated the building permit.

Prior to the entry of the judgment annulling the Board's determination, the relevant provision of the Town Code was amended to require, *inter alia,* that gates, posts, capitals, and pillars must comply with the 4-foot height requirements of Town of Mamaroneck, Zoning Code § 89-44 D (*see,* Local Laws, 1996, No. 3 of Town of Mamaroneck). As a general rule we are governed by the law as it now exists (*see, Matter of Buffolino v Board of Zoning & Appeals,* 230 AD2d 794; *Matter of Semerjian v Vahradian,* 186 AD2d 202). The amendment was, in essence, a clarification of the earlier law, and does not present a question of bad faith such as would remove this case from the general rule (*see, Matter of Pokoik v Selsdorf,* 40 NY2d 769; *Matter of Buffolino v Board of Zoning & Appeals, supra*). Accordingly, the petitioners are not entitled to construct the 11-foot high columns. The petitioners were aware that their permit was at least under review, if not informally denied by the Board, when they constructed the columns. We disagree with the determination of the Supreme Court that the petitioners acquired a vested right to maintain the columns (*see, Matter of*

*Tharp v Zoning Bd. of Appeals,* 138 AD2d 906; *Shumaker v Town of Cortlandt,* 124 AD2d 129). Therefore, the judgment is reversed and the Board's determination is confirmed. Bracken, J. P., Rosenblatt, Copertino and Luciano, JJ., concur.