■ In the Matter of KENNETH L. BERMAN et al., Appellants, v HERBERT WARSHAVSKY et al., Respondents. [681 NYS2d 303] —In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Incorporated Village of Lawrence granting Linda Calandrillo's application to subdivide certain property located within the Incorporated Village of Lawrence, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Bucaria, J.), entered October 7, 1997, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, the determination granting the respondent Linda Calandrillo permission to subdivide is annulled, and her application is denied.

The respondent Linda Calandrillo sought and obtained approval from the Planning Board of the Incorporated Village of Lawrence (hereinafter Planning Board) to subdivide a certain parcel of property into three smaller parcels.

According to the zoning provisions of the Village of Lawrence

Code, no building may be erected upon any lot having a street frontage of less than 150 feet (Village of Lawrence Code § 212-13 [D]). At the time of Calandrillo's application, Village of Lawrence Code § 212-2 defined the word "street" as any "public or private road, avenue * * * and any private driveway used by or giving access to more than two lots". In granting Calandrillo's application to subdivide, the Planning Board determined that the frontage of certain post-subdivision parcels which abutted the petitioners' right of way satisfied the frontage requirement of the Village of Lawrence Code § 212-13 (D). Subsequent to the Planning Board's grant of subdivision approval, the Village of Lawrence Code was amended, and the word "street" was redefined as "an existing state, county or village road or a road shown upon a subdivision plot duly filed and recorded". Subsequent to this amendment and while the underlying CPLR article 78 proceeding was pending on the very issue of street frontage, Calandrillo sold the parcel which contained her residence, leaving the remaining two parcels which were, as yet, undeveloped.

The Supreme Court erred in failing to apply the amended definition of the word "street". Since the law as it exists at the time a decision is rendered on appeal is controlling (*see, Matter of Pressman v Gunther,* 243 AD2d 634; *Matter of Marasco v Zoning Bd. of Appeals,* 242 AD2d 724; *Matter of Buffolino v Board of Zoning & Appeals,* 230 AD2d 794), Calandrillo is not entitled to subdivision approval as of right. Moreover, there are no special facts pursuant to which the former ordinance might still be deemed to be controlling (*see, Matter of Marasco v Zoning Bd. of Appeals, supra; Matter of Buffolino v Board of Zoning & Appeals, supra*).

Contrary to Calandrillo's contention, under the facts of this case, she had no vested right to subdivide. It is well established that "where a more restrictive zoning ordinance is enacted, an owner will be permitted to complete a structure or a development which an amendment has rendered nonconforming only where the owner has undertaken substantial construction and made substantial expenditures prior to the effective date of the amendment" (*Matter of Ellington Constr. Corp. v Zoning Bd.,* 77 NY2d 114, 122; *see also, Town of Orangetown v Magee,* 88 NY2d 41, 47). "Where substantial construction has been commenced, but expenditures thereon are unsubstantial, no vested rights accrue" (*Matter of Putnam Armonk v Town of Southeast,* 52 AD2d 10, 14). Similarly, where substantial expenditures have been made but substantial construction has not been completed, no vested rights will accrue (*see, Matter of Putnam*

*Armonk v Town of Southeast, supra,* at 14; *see also, Matter of Steam Heat v Silva,* 230 AD2d 800, 801; *Matter of Sibarco Stas. v Town Bd.,* 24 NY2d 900). Here, it is clear that Calandrillo has not yet undertaken *any* construction, let alone substantial construction. Bracken, J. P., Pizzuto, Friedmann and Luciano, JJ., concur.