■ In the Matter of CALVERTON INDUSTRIES, L. L. C., Respondent, v TOWN OF RIVERHEAD et al., Appellants. [718 NYS2d 207] —In a hybrid proceeding pursuant to CPLR article 78 to

review a determination of the Town of Riverhead dated October 14, 1997, revoking a building permit, and an action, *inter alia*, for a judgment declaring that a certain building permit was valid and to enjoin the Town of Riverhead from rezoning the subject property, the appeal is from (1) an order of the Supreme Court, Suffolk County (Berler, J.), dated September 27, 1999, which (a) granted the petitioner's motion for renewal, and upon renewal, *inter alia*, in effect, reinstated an order of the same court, dated June 8, 1998, to the extent of declaring that the subject building permit was valid and that certain zoning changes were invalid as against the petitioner, and (b) denied the appellants' cross motion for renewal, and (2) an order of the same court, dated December 17, 1999, which denied the appellants' motion, denominated as one to renew and reargue but which was, in fact, for reargument.

Ordered that on the Court's own motion, the notice of appeal from the order dated September 27, 1999, is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the appeal from the order dated December 17, 1999, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated September 27, 1999, is reversed, on the law, with costs, the motion to renew is denied, the order dated June 8, 1998, is vacated, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the subject building permit is not valid, and the Town of Riverhead is not enjoined from rezoning the subject property.

The appellants' motion, characterized as one for renewal and reargument of the order dated September 27, 1999, was not based upon new facts which were unavailable at the time of that order. In addition, the appellants failed to offer a valid excuse as to why the evidence offered upon their motion was not submitted earlier. Therefore,. the motion was in fact a motion to reargue, the denial of which is not appealable (*see, Sallusti v Jones,* 273 AD2d 293; *Bossio v Fiorillo,* 222 AD2d 476).

It is well settled that a court will apply the zoning ordinance currently in existence at the time a decision is rendered on appeal (*see, Matter of Berman v Warshavsky,* 256 AD2d 334; *Matter of Pressman v Gunther,* 243 AD2d 634; *Matter of Marasco v Zoning Bd. of Appeals,* 242 AD2d 724; *Matter of Buffolino v Board of Zoning & Appeals,* 230 AD2d 794). In this case, there are no special facts which would warrant an exception to this rule (*see, Matter of Berman v Warshavsky, supra; Matter of*

*Marasco v Zoning Bd. of Appeals, supra; Matter of Buffolino v Board of Zoning & Appeals, supra; see also, Matter of Pokoik v Silsdorf,* 40 NY2d 769; *Matter of Millerton Props. Assocs. v Town of North E. Zoning Bd. of Appeals,* 227 AD2d 562). Contrary to the petitioner's contention, the petitioner does not have vested rights in the planned construction (*see, Town of Orangetown v Magee,* 88 NY2d 41).

The appellants' remaining contentions are either without merit or need not be reached in light of the foregoing determination. Ritter, J. P., Santucci, Krausman and Smith, JJ., concur.