◼ In the Matter of FLORENCE VITIELLO et al., Appellants, v CITY OF YONKERS ZONING BOARD OF APPEALS et al., Respondents. [725 NYS2d 223] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent City of Yonkers Board of Zoning Appeals, dated February 23, 2000, which granted certain area variances to the respondent Action Redi-Mix, Inc., the petitioners appeal from a judgment of the Supreme Court, Westchester County (Coppola, J.), entered July 7, 2000, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with one bill of costs, the petition is granted, and the determination is annulled.

While the instant appeal was pending, the City of Yonkers Zoning Ordinance was amended to prohibit the subject use by the respondent Action Redi-Mix, Inc. (hereinafter Redi-Mix) of its site (*see,* City of Yonkers Zoning Ordinance, General Ordinance No. 4 of 2000, Table 43-1). Absent certain exceptions that are not present in this case, the law as it exists at the time a decision is rendered on an appeal is controlling (*see, Matter of Marasco v Zoning Bd. of Appeals,* 242 AD2d 724; *Matter of Buffolino v Board of Zoning & Appeals,* 230 AD2d 794; *Matter of Semerjian v Vahradian,* 186 AD2d 202; *Matter of Hazzard v Moraitis,* 172 AD2d 753, 754; *Matter of Shiloh Gospel Chapel v Roer,* 170 AD2d 608). As a consequence, the area variances should be denied (*see, Matter of Boardwalk Mgt. Corp. v Town of Southampton Zoning Bd. of Appeals,* 226 AD2d 717, 718; *Matter of Carlton v Zoning Bd. of Appeals,* 111 AD2d 169). Therefore, the Supreme Court's judgment must be reversed and the determination granting the area variances annulled. Friedmann, J. P., Goldstein, Feuerstein and Crane, JJ., concur.