■ In the Matter of PAINTBALL SPORTS, INC., et al., Respondents, v JOHN T. PIERPONT et al., Appellants. [727 NYS2d 466] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of

Pelham Manor, dated March 10, 1999, which denied the petitioners' proposed use of certain premises as a paintball sports facility, the appeals are from (1) a judgment of the Supreme Court, Westchester County (Leavitt, J.), entered March 1, 2000, which annulled and vacated the determination and directed John T. Pierpont, the Village Manager and Building Inspector, to issue to the petitioners a certificate of occupancy for the use of the premises as a paintball sports facility, and (2), as limited by their brief, from so much of an order of the same court, entered May 15, 2000, as denied that branch of the motion of John T. Pierpont and the Zoning Board of Appeals of the Village of Pelham Manor which was for renewal.

Ordered that the judgment is reversed, on the law, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits; and it is further,

Ordered that the appeal from the order is dismissed as academic; and it is further,

Ordered that the appellants are awarded one bill of costs.

The petitioners, Paintball Sports, Inc., and Rusciano & Son Corp., are the prospective tenant and owner, respectively, of a 60,000 square-foot industrial warehouse located in the Village of Pelham Manor (hereinafter the Village). The petitioners intended to establish an indoor paintball game site at the premises. Paintball is a game in which the participants engage in mock combat, firing non-toxic paint pellets at each other with air powered rifles. The premises originally served as a bottling plant, and thereafter was used as a tennis and racquetball facility until 1983, when it became vacant. Adjacent to the premises and located in the same business district is a health club facility which offers retail sales and supervised physical fitness services. The petitioners intended to use 400 square feet of the premises for office space, a reception area for registering participants, and for the sale of paintball equipment and supplies.

The zoning ordinances applicable to the area in 1998, when the petitioners sought a certificate of occupancy to use the premises for paintball sports, provided in relevant part that no building in the district could be used for any purpose other than a "use permitted in a retail district" (Zoning Ordinance of the Village of Pelham Manor §§ 45, 46 [1] [a]). John T. Pierpont, the Village Manager and Building Inspector for the Village (hereinafter the Building Inspector), denied the petitioners' application on the basis that the proposed use did not appear on the list of permitted uses approved by the Planning Board pursuant to Zoning Ordinance § 46 (1) (b). Accordingly,

the petitioners appealed to the Zoning Board of Appeals of the Village (hereinafter the Board) for an interpretation of the Zoning Ordinance. After a hearing, the Board upheld the Building Inspector's determination and the petitioners commenced this proceeding pursuant to CPLR article 78.

In March 2000 the Supreme Court annulled the determination of the Board on the basis, among others, that the paintball sports facility was sufficiently similar in character to the adjacent health club facility to constitute a permitted use in a retail district, and thus, the Board's determination to the contrary was arbitrary and capricious. The Village enacted a moratorium shortly thereafter prohibiting the issuance of approvals for premises in the business zoning districts for a period of six months. The Board moved, *inter alia*, for renewal on the basis of the moratorium. On May 15, 2000, the Supreme Court denied the Board's motion.

On September 25, 2000, the Village adopted an amended version of Zoning Ordinance § 46 which specifically lists the permitted uses in the district in which the proposed paintball facility is located (*see,* Zoning Ordinance of the Village of Pelham Manor § 46 [2] [b]). The Village had commenced its procedures to amend the law in November 1999. It is undisputed that the proposed facility is not a permitted use under the amended law. It is well settled that a court will apply the zoning ordinance currently in existence at the time a decision is rendered on appeal unless "special facts" are present to demonstrate that the municipality acted in bad faith and unduly delayed acting upon an application while the zoning law was changed (*see, Matter of Alscot Investing Corp. v Incorporated Vil. of Rockville Centre,* 64 NY2d 921; *cf., Matter of Pokoik v Silsdorf,* 40 NY2d 769; *see also, Matter of Bibeau v Village Clerk of Tuxedo Park,* 145 AD2d 478). Contrary to the petitioners' contention, there are no special facts in this case that would warrant an exception to the general rule (*see, Matter of Calverton Indus. v Town of Riverhead,* 278 AD2d 319; *Matter of Berman v Warshavsky,* 256 AD2d 334). Accordingly, the Supreme Court's judgment is reversed, and the appeal from the order is dismissed as academic.

In light of the foregoing determination, it is unnecessary to reach the appellants' remaining contentions. Altman, J. P., Krausman, Luciano and H. Miller, JJ., concur.