In the Matter of INEZ SEXTON, Appellant, v ZONING BOARD OF APPEALS OF THE TOWN OF OYSTER BAY, Respondent. [751 NYS2d 595] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Oyster Bay, dated February 15, 2001, which, after a hearing, denied the petitioner's application for an area variance and a building permit, the petitioner appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County (Mahon, J.), dated November 15, 2001, as denied that branch of the petition which was to annul so much of the determination as denied the application for an area variance, and dismissed the proceeding.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the petition which was to annul so much of the determination as denied the application for an area variance is granted, so much of the determination as denied the application for an area variance is annulled, and the respondent is directed to issue to the petitioner the requested area variance.

The petitioner is the owner of an undeveloped waterfront parcel in the Town of Oyster Bay which was acquired in 1955. The petitioner's parcel has 143 feet of frontage on the unimproved portion of a mapped, but undedicated, street known as Berkeley Place, east of Ocean Avenue. Other than its frontage on the Massapequa River, it is otherwise landlocked.

In 1997 the petitioner received conceptual approval from the Department of Public Works of the Town of Oyster Bay to extend the improved portion of Berkeley Place so that her parcel could be accessed. In 1999 the New York State Department of Environmental Conservation (hereinafter the NYS-DEC) issued a tidal wetlands permit for the petitioner to

construct a single-family dwelling on the parcel and for the extension of 81 feet of Berkeley Place. By notice of rejection dated June 1, 1999, the Building Department of the Town of Oyster Bay (hereinafter the Building Department) rejected the petitioner's application for a building permit on the ground that the proposed dwelling had less than the minimum front yard setback requirement of 30 feet. On October 4, 1999, the petitioner filed an appeal with the Zoning Board of Appeals of the Town of Oyster Bay (hereinafter the Board) seeking an area variance from the minimum front yard setback requirement.

While the petitioner's appeal was pending, the Building Department re-examined the petitioner's application and issued a second notice of rejection dated March 16, 1999. The second notice found that the residence was deficient in lot width, building width, side yard setback, and street frontage, and exceeded the maximum allowable front yard setback of 75 feet. The second notice apparently was based upon measurements taken relative to Ocean Avenue rather than Berkeley Place. The petitioner did not appeal the second notice to the Board.

After a public hearing, the Board denied the petitioner's application for an area variance, taking the position that since Berkeley Place was "a road that does not exist," and since the petitioner was not given approval by the Town to extend Berkeley Place, she had no means of access to her parcel. The petitioner challenges this determination which effectively restricts her ability to construct a dwelling on the parcel.

The petitioner commenced this CPLR article 78 proceeding to review and annul the determination, and to direct the Board to grant her application for a variance and issue her a building permit. The Supreme Court upheld the Board's determination as having a rational basis, concluding that since Berkeley Place had not been suitably improved pursuant to Town Law § 280-a (2), the Board was not required to consider it as giving proper access to the parcel.

On appeal, the petitioner concedes that she is not entitled to the issuance of a building permit until such time as Berkeley Place has been suitably improved (see Town Law § 280-a [2]; Matter of Avgush v Town of Yorktown Bldg. Inspector, 291 AD2d 556). However, the petitioner contends that the Supreme Court erred in failing to apply the definition of "street" as defined in the Town's revised zoning code and in concluding that compliance with Town Law § 280-a (2) was a prerequisite to obtaining the requested front yard setback variance. We agree.

The Town's zoning code defines "front setback" as "[t]he distance from the closest point of a building on a lot to the front lot line, measured perpendicular to the closest point of the front lot line" (Zoning Code of Town of Oyster Bay § 246-2 [2.4]). The "front lot line," in turn, is defined as "[i]n the case of a lot abutting upon only one (1) street, the lot line separating the lot from the street" (*id.*). At the time of the petitioner's variance application, the zoning code did not define the term "street." Subsequent to the Board's denial of the petitioner's application, and while the underlying CPLR article 78 proceeding was pending, the Town's zoning code was revised. The term "street" is now defined in Zoning Code of Town of Oyster Bay § 246-2 as "[a]n existing State, County or Town road or a road shown upon a subdivision plat duly filed and recorded in the Office of the Nassau County Clerk" (*id.*).

It is well settled that a court will apply the zoning ordinance currently in existence at the time a decision is rendered on appeal (*see Matter of Calverton Indus. v Town of Riverhead,* 278 AD2d 319, 320; *Matter of Berman v Warshavsky,* 256 AD2d 334, 335; *Matter of Pressman v Gunther,* 243 AD2d 634). Given the absence of any "special facts" pursuant to which the former law might still be deemed to be controlling (*see Matter of Calverton Indus. v Town of Riverhead, supra; Matter of Berman v Warshavsky, supra; Matter of Marasco v Zoning Bd. of Appeals of Vil. of Westbury,* 242 AD2d 724), this Court must apply the definition of "street" as defined in the revised zoning code. Since Berkeley Place is a "road shown upon a subdivision plat duly filed and recorded in the Office of the Nassau County Clerk," the Board should have analyzed the petitioner's variance application relative to Berkeley Place, which would require only a front yard setback variance, rather than Ocean Avenue, which would require several substantial variances.

Moreover, nothing in Town Law § 280-a precludes the petitioner from seeking a front yard setback variance at this time (*see Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309). While the petitioner may not be entitled to a building permit until such a time as Berkeley Place has been suitably improved in accordance with Town Law § 280-a (2), it would be unreasonable to require the petitioner to improve Berkeley Place before her application for a front yard setback variance is determined. Accordingly, "where, as here, the interpretation of a zoning code is irrational or unreasonable, a zoning board's determination will be annulled" (*Matter of Tartan Oil Corp. v Bohrer,* 249 AD2d 481, 482; *see Matter of Tallini v Rose,* 208 AD2d 546).

Finally, the petitioner's hardship is not self-created as she acquired the subject parcel prior to the time that regulation of the tidal wetlands came under the auspices of the NYSDEC, which has forced her to place any dwelling in a location that does not comply with the front yard setback requirement. Although we recognize that this is a substantial variance, this consideration alone is insufficient to deny the petitioner's application (*see Matter of Tallini v Rose, supra*).

In short, since the Board's determination is not supported by substantial evidence, but is arbitrary and capricious, we vacate the determination and direct the Board to issue the requested front yard setback variance.

The petitioner's remaining contention is without merit. Florio, J.P., Feuerstein, McGinity and Schmidt, JJ., concur.