■ In the Matter of HARRY CASHY et al., Respondents, v GERARD P. GOEHRINGER et al., Appellants. [756 NYS2d 865] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Appeals of the Town of Southold dated June 7, 2001, which, after a hearing, denied the petitioners' application for an area variance, the appeal is from a judgment of the Supreme Court, Suffolk County (Whelan, J.), dated March 5, 2002, which granted the petition and directed the issuance of a building permit subject to any reasonable conditions deemed necessary.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits.

Southold Town Code § 100-239.4 (A) (1) prohibits "structures," such as pools (see Southold Town Code § 100-13), from being constructed within 100 feet of the top of a bluff adjacent to Long Island Sound. Contrary to the petitioners' contention, this zoning ordinance, which was amended to apply to "structures" after the Supreme Court issued its judgment, must be applied to the instant matter (see Matter of Pressman v Gunther, 243 AD2d 634 [1997]).

Weighing the factors set forth in Town Law § 267-b (3), the Board of Appeals of the Town of Southold determined that the petitioners were not entitled to an area variance. Their determination on that issue was not illegal, arbitrary, or an abuse

of discretion (*see Matter of Ifrah v Utschig,* 98 NY2d 304 [2002]; *Matter of Fuhst v Foley,* 45 NY2d 441 [1978]). Accordingly, the Supreme Court erred in annulling that determination and in directing that the variance be granted. Altman, J.P., Goldstein, Luciano and H. Miller, JJ., concur.