■ In the Matter of D'AGOSTINO BROTHERS ENTERPRISES, INC., Respondent, v PATRICK R. VECCHIO et al., Appellants. [786 NYS2d 90]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Smithtown dated July 18, 2002, which, after a hearing, denied the petitioner's application for a special exception permit to operate a construction and demolition debris transfer station, and an action for a judgment declaring that a transfer station is a "junkyard" within the meaning of Town of Smithtown Code § 322-3, or, in the alternative, that section 322-3 is void and unconstitutional as applied to the petitioner's proposed use of the property, the appeal is from so much of a judgment of the Supreme Court, Suffolk County (Lifson, J.), dated August 5, 2003, which granted the petition, annulled the determination, and directed the Town Board of the Town of Smithtown to issue the petitioner a special exception permit subject to such conditions and restrictions as it may deem appropriate.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, the determination is confirmed, the hybrid proceeding and action is dismissed on the merits, and it is declared that a transfer station is not a "junkyard" within the meaning of Town of Smithtown Code § 322-3.

Subsequent to the judgment dated August 5, 2003, which granted the petition and directed the Town Board of the Town of Smithtown (hereinafter the Board) to issue to the petitioner a special exception permit for the construction and operation of a construction and demolition debris transfer station, the relevant provisions of the Town of Smithtown Code were amended. The Town of Smithtown Code § 322-3 now effectively prohibits transfer stations in the zoning district in which the petitioner's property is located. Since, as a general rule, the law as it exists at the time a decision is rendered on appeal is controlling (*see Matter of Alscot Inv. Corp. v Incorporated Vil. of Rockville Ctr.,* 64 NY2d 921, 922 [1985]; *Matter of Demisay, Inc. v Petito,* 31 NY2d 896 [1972]; *Matter of Buffolino v Board of Zoning & Appeals of Inc. Vil. of Westbury,* 230 AD2d 794 [1996]), the Board is precluded from granting the petitioner a special exception permit. Contrary to the petitioner's contention, there are no special facts in this case that would warrant an exception to the general rule (*see Matter of Semerjian v Vahradian,* 186 AD2d 202 [1992]; *cf. Matter of Pokoik v Silsdorf,* 40 NY2d 769, 772-773 [1976]). Therefore, the judgment must be reversed, the determination denying the special exception permit confirmed, and the hybrid proceeding and action dismissed.

In light of the foregoing determination, it is unnecessary to reach the appellants' remaining contentions.

We note that since this is, in part, a declaratory judgment action, the judgment must contain a declaration that a transfer station is not a "junkyard" within the meaning of Town of Smithtown Code § 322-3 (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Santucci, J.P., Schmidt, Adams and Skelos, JJ., concur.