■ In the Matter of JEFF ALFANO et al., Respondents, v ZONING BOARD OF APPEALS OF VILLAGE OF FARMINGDALE et al., Appellants. [902 NYS2d 662]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Farmingdale dated September 20, 2007, which, after a hearing, denied the petitioners' application for an area variance, the appeal is from a judgment of the Supreme Court, Nassau County (Iannacci, J.), entered April 13, 2009, which granted the petition, annulled the determination, and directed the Village of Farmingdale to review the petitioners' application based upon the relevant zoning law as it existed prior to a certain building moratorium enacted on June 5, 2006.

Ordered that the judgment is reversed, on the law, with one bill of costs payable by the petitioners, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits.

In 2004 the petitioners purchased a lot in the Village of Farmingdale with 100 feet of frontage. On June 1, 2006, they applied for a permit to subdivide the property into two lots, each with 50 feet of frontage, relocate their existing home, and construct a new dwelling on the second lot. Although the minimum frontage requirement under the relevant zoning code at the time was 50 feet, the permit application was not initially reviewed because it fell with the purview of a temporary building moratorium. The petitioners did not seek relief from the moratorium.

When the moratorium expired, the Village Board of Trustees of the Village of Farmingdale (hereinafter the Village) enacted a new zoning provision which required a minimum frontage of 60 feet for all new construction (*see* Code of Incorporated Village of Farmingdale § 105-63 [A]). The petitioners' permit application, reviewed under the new zoning provision, was denied. The petitioners thereafter applied to the Zoning Board of Appeals of

the Village of Farmingdale (hereinafter the ZBA) for an area variance from the provisions of the new zoning code regarding the minimum frontage. The ZBA denied the application for an area variance, finding that the situation was self-created, that the request would result in a detrimental and undesirable change in the character of the neighborhood, and that the variance was substantial because of the precedent it would set.

The petitioners then commenced this proceeding pursuant to CPLR article 78 to review the ZBA's determination denying their application for an area variance. In the judgment appealed from, the Supreme Court, inter alia, annulled the determination on the ground that the Village had enacted the moratorium in "bad faith" in an effort to unduly delay the granting of the petitioners' original permit application. On this basis alone, the Supreme Court granted the petition, annulled the ZBA's determination denying the area variance application, and directed the Village to "review the application pursuant to the zoning law that existed at the time the original [permit] application was made." We reverse.

In reviewing whether to uphold a zoning board's determination denying an application for an area variance, the judicial function is a limited one. "Courts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure" (*Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *see Matter of Gjerlow v Graap*, 43 AD3d 1165, 1167 [2007]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 771 [2005]). In determining whether to grant a variance, a zoning board, as the agency reviewing the application, is required to rely on "the law as it exists at the time a decision is rendered" (*Matter of Marasco v Zoning Bd. of Appeals of Vil. of Westbury*, 242 AD2d 724, 725 [1997]; *see Matter of Mascony Transp. & Ferry Serv. v Richmond*, 49 NY2d 969 [1980]; *Matter of Buffolino v Board of Zoning & Appeals of Inc. Vil. of Westbury*, 230 AD2d 794 [1996]). This rule is followed unless " 'special facts' are present to demonstrate that the municipality acted in bad faith and unduly delayed acting upon an application while the zoning law was changed" (*Matter of Paintball Sports v Pierpont*, 284 AD2d 537, 539 [2001]; *see Matter of Alscot Inv. Corp. v Board of Trustees of Inc. Vil. of Rockville Ctr.*, 64 NY2d 921, 922 [1985]; *Matter of Pokoik v Silsdorf*, 40 NY2d 769, 772-773 [1976]; *Caruso v Town of Oyster Bay*, 250 AD2d 639 [1998]; *Matter of Semerjian v Vahradian*, 186 AD2d 202 [1992]).

Here, the petitioners did not contend before the ZBA that

there was "bad faith" in enacting the moratorium and "undue delay" in processing the original application for a permit to subdivide the property. In fact, the denial of the original application was made by the Village, which is not party to this CPLR article 78 proceeding to review the ZBA's subsequent determination on the area variance application. Moreover, the petitioners did not assert, before the Supreme Court, that "bad faith" or "undue delay" in this proceeding was a ground for annulling the ZBA's determination on the area variance application. Accordingly, this issue was not properly before the Supreme Court (*see Matter of Klapak v Blum,* 65 NY2d 670, 672 [1985]; *Matter of Trident Realty v Planning Bd. of Inc. Vil. of E. Hampton, Suffolk County,* 248 AD2d 545 [1998]; *Matter of Buffolino v Board of Zoning & Appeals of Inc. Vil. of Westbury,* 230 AD2d 794 [1996]; *see also Matter of McNeill v Town Bd. of Town of Ithaca,* 260 AD2d 829, 830 [1999]). Thus, the Supreme Court erroneously adjudicated this issue and improperly granted the petition and annulled the ZBA's determination on this basis. In any event, there are no special facts indicative of bad faith or undue delay which would have precluded the ZBA from relying on the amended zoning code in denying the application for an area variance (*see Matter of Alscot Inv. Corp. v Board of Trustees of Inc. Vil. of Rockville Ctr.,* 64 NY2d at 922). Indeed, the record reveals that the Village had posted notice of the proposed moratorium, outlining its scope and purpose, before the petitioners submitted their original permit application.

Moreover, the findings of the ZBA in denying the application for an area variance under the present zoning code had a rational basis and were not arbitrary and capricious (*see Matter of Rivero v Ferraro,* 23 AD3d 479, 480 [2005]; *Matter of Efraim v Trotta,* 17 AD3d 463, 464 [2005]). Although the petitioners' situation was not self-created (*see Matter of Ferruggia v Zoning Bd. of Appeals of Town of Warwick,* 233 AD2d 505, 507 [1996]), the ZBA rationally concluded that the requested variance would alter the character of the neighborhood (*see Matter of Ifrah v Utschig,* 98 NY2d 304 [2002]), and that the request was substantial in light of the potential precedent it would establish (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d 608, 615 [2004]).

In light of our determination, we need not address the appellants' remaining contention. Fisher, J.P., Dillon, Dickerson and Eng, JJ., concur.