Greenport Group, LLC v Town Bd. of the Town of Southold (2018 NY Slip Op 08282)





Greenport Group, LLC v Town Bd. of the Town of Southold


2018 NY Slip Op 08282


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2015-07897
2016-00674
 (Index No. 2730/01)

[*1]Greenport Group, LLC, et al., appellants-respondents,
v
Town Board of the Town of Southold, respondent- appellant.


Wickham, Bressler & Geasa, P.C., Mattituck, NY (Janet Geasa of counsel), for appellants-respondents.
Smith, Finkelstein, Lundberg, Isler & Yakaboski, LLP, Riverhead, NY (Christopher B. Abbott of counsel), for respondent-appellant.



DECISION & ORDER
In an action, inter alia, for declaratory relief, the plaintiffs appeal and the defendant cross-appeals from (1) an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated June 17, 2015, and (2) a partial judgment of the same court dated July 2, 2015. The order, insofar as appealed from, granted those branches of the defendant's motion which were for summary judgment dismissing the second through sixth causes of action insofar as asserted by the plaintiff Adrienne Solof and for summary judgment with respect to the third, fourth, and sixth causes of action insofar as asserted by the plaintiff Greenport Group, LLC. The order, insofar as cross-appealed from, denied those branches of the defendant's motion which were for summary judgment with respect to the second and fifth causes of action insofar as asserted by the plaintiff Greenport Group, LLC. The partial judgment, insofar as appealed from, upon the order, dismissed the second through sixth causes of action insofar as asserted by the plaintiff Adrienne Solof and, in effect, dismissed the third, fourth, and sixth causes of action insofar as asserted by the plaintiff Greenport Group, LLC.
ORDERED that the appeal from the order is dismissed, as the portions of the order appealed from were superseded by the partial judgment; and it is further,
ORDERED that the cross appeal from the partial judgment is dismissed, as the defendant is not aggrieved by the partial judgment; and it is further,
ORDERED that the order is reversed insofar as cross-appealed from, on the law, and those branches of the defendant's motion which were for summary judgment with respect to the second and fifth causes of action insofar as asserted by the plaintiff Greenport Group, LLC, are granted; and it is further,
ORDERED that the partial judgment is modified, on the law, by deleting the provision thereof, in effect, dismissing the third, fourth, and sixth causes of action insofar as asserted by the plaintiff Greenport Group, LLC; as so modified, the partial judgment is affirmed insofar as [*2]appealed from, and the matter is remitted to the Supreme Court, Suffolk County, for severance of the second through sixth causes of action insofar as asserted by the plaintiff Greenport Group, LLC, and for the entry of an appropriate judgment on those causes of action, inter alia, declaring that the subject Local Law changing the zoning designation of the subject property is valid; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
In December 1998, the plaintiff Adrienne Solof acquired the subject property, a 31-acre parcel of land located in the Town of Southold. The property was largely undeveloped aside from four separate buildings, each containing two residential units, which were built in 1984 on a one-acre portion of the property, as well as a sewer substation and public water and sewer-line hook ups. Solof conveyed ownership of the property to the plaintiff Greenport Group, LLC (hereinafter Greenport Group), on December 18, 1999. At that time, the southerly portion of the property was zoned "Limited Business" (hereinafter LB) and the northerly portion was zoned "Hamlet Density" (hereinafter HD). The four buildings on the property were part of a larger project to build multiresidence senior citizen housing, which had been approved for construction of 140 additional units in 1986. However, no construction had taken place on the property since 1984.
In September 1999, the defendant, Town Board of the Town of Southold (hereinafter the Board), considered a resolution to change the zoning designation of the entire parcel to a low-density residential zone known as R-80. Although the 1999 resolution was not approved, it was re-presented on September 12, 2000, at which time it was approved by the Board, and the zoning designation of the entire parcel was changed to R-80 by the filing of Local Law 20-2000 (hereinafter the Local Law) on October 2, 2000. The R-80 zoning designation increased the minimum lot sizes to 80,000 square feet from 10,000 square feet under the prior zoning designations.
Greenport Group and Solof commenced this action against the Board, seeking, inter alia, a judgment declaring that the Local Law changing the zoning designation of the property is null and void. The plaintiffs alleged that the Board's actions were arbitrary and capricious (second cause of action) and the rezoning was inconsistent with the goals of the Town's comprehensive plan (fifth cause of action), that the rezoning subjected their property to disparate treatment as compared to similarly situated properties and constituted unconstitutional reverse spot zoning (third cause of action), that they had vested rights in the prior zoning designations (fourth cause of action), and that the rezoning amounted to a regulatory taking of property without just compensation (sixth cause of action).
The Board moved for summary judgment dismissing the complaint and declaring that the Local Law is valid. In an order dated June 17, 2015, the Supreme Court, inter alia, denied those branches of the Board's motion which were for summary judgment with respect to the second and fifth causes of action insofar as asserted by Greenport Group, and granted those branches of the motion which were for summary judgment with respect to the third, fourth, and sixth causes of action insofar as asserted by Greenport Group and for summary judgment dismissing the second through sixth causes of action insofar as asserted by Solof. The court issued a partial judgment, which, upon the order, inter alia, dismissed the second through sixth causes of action insofar as asserted by Solof and, in effect, dismissed the third, fourth, and sixth causes of action insofar as asserted by Greenport Group. The plaintiffs appeal from the order and the partial judgment, and the Board cross-appeals from the order.
We agree with the Supreme Court's dismissal of the second through sixth causes of action insofar as asserted by Solof on the ground that she lacked standing. Prior to the implementation of the Local Law that rezoned the property, Solof had transferred ownership of the property to Greenport Group (see Matter of Humann, 136 AD3d 1036, 1037; Saline v Saline, 106 AD3d 1072, 1074) and, thus, lacked "a legally cognizable interest" that was or would be affected by the zoning determination (Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d 406, 413; see generally Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 774).
We also agree with the Supreme Court's determination that the Board was entitled to summary judgment with respect to the fourth cause of action insofar as asserted by Greenport Group, alleging that Greenport Group had vested rights in the prior zoning classification. Vested rights can be acquired if there were substantial expenditures made and substantial construction undertaken prior to the effective date of the ordinance (see Matter of Putnam Armonk v Town of Southeast, 52 AD2d 10, 14-15; Berman v Warshavsky, 256 AD2d 334, 335-336; see also Town of Orangetown v Magee, 88 NY2d 41, 47). The landowner's actions in reliance on prior zoning "must be so substantial that the municipal action results in serious loss rendering the improvements essentially valueless" (Town of Orangetown v Magee, 88 NY2d at 47-48). The Board demonstrated, prima facie, that neither Greenport Group nor its predecessors had undertaken construction and expenditures so substantial as to render the improvements on the property essentially valueless (see Berman v Warshavsky, 256 AD2d at 335-336). In opposition, Greenport Group failed to raise a triable issue of fact.
With respect to the sixth cause of action insofar as asserted by Greenpoint Group, alleging a regulatory taking, to establish such a claim a property owner "must show by dollars and cents' evidence that under no use permitted by the regulation under attack would the properties be capable of producing a reasonable return; the economic value, or all but a bare residue of the economic value, of the parcels must have been destroyed by the regulations at issue" (de St. Aubin v Flacke, 68 NY2d 66, 77; see Spears v Berle, 48 NY2d 254, 263; Briarcliff Assoc. v Town of Cortlandt, 272 AD2d 488, 490). " [T]he mere diminution in the value of property, however serious, is insufficient to demonstrate a taking,'" as is " the fact that a regulation deprives the property of its most beneficial use'" (Briarcliff Assoc. v Town of Cortlandt, 272 AD2d at 490, quoting Matter of Gazza v New York State Dept. of Envtl. Conservation, 89 NY2d 603, 618-619 [internal quotation marks omitted]).
In opposition to the Board's prima facie showing of entitlement to summary judgment with respect to the regulatory taking cause of action, Greenport Group failed to raise a triable issue of fact. While the appraisals submitted by Greenport Group demonstrated that the rezoning had reduced the value of the property, the extent of the diminution, standing alone, was insufficient to constitute a regulatory taking (see Matter of New Cr. Bluebelt, Phase 4, 122 AD3d 859, 862; see generally de St. Aubin v Flacke, 68 NY2d at 76-77). Furthermore, Greenport Group failed to raise a triable issue of fact as to whether the rezoning so "restrict[ed] [its] property that [it was] precluded from using it for any purpose for which it is reasonably adapted" (de St. Aubin v Flacke, 68 NY2d at 76). Although the total number of permissible units was reduced, the R-80 zoning designation still allowed for residential development of the property (see Putnam County Natl. Bank v City of New York, 37 AD3d 575, 577). Accordingly, we agree with the Supreme Court's determination that the Board was entitled to summary judgment with respect to the sixth cause of action insofar as asserted by Greenport Group.
The Supreme Court should have granted the Board's motion for summary judgment with respect to the second and fifth causes of action insofar as asserted by Greenport Group, alleging, respectively, that the rezoning of the property was arbitrary and was not consistent with a comprehensive plan. The Legislature has empowered the Board to enact zoning regulations (see Town Law § 261), although this power is limited to the extent that such regulations "shall be made in accordance with a comprehensive plan" (Town Law § 263). A party challenging a zoning ordinance bears the heavy burden of countering "the strong presumption of validity accorded the enactment" (Taylor v Incorporated Vil. of Head of Harbor, 104 AD2d 642, 645; see Matter of Town of Bedford v Village of Mount Kisco, 33 NY2d 178, 186). Such a party must show that the ordinance " is not justified under the police power of the state by any reasonable interpretation of the facts'" (Matter of Town of Bedford v Village of Mount Kisco, 33 NY2d at 186, quoting Shepard v Village of Skaneateles, 300 NY 115, 118). If the validity of the legislative classification for zoning purposes is even "fairly debatable," the classification must be sustained upon judicial review (Matter of Town of Bedford v Village of Mount Kisco, 33 NY2d at 186 [internal quotation marks omitted]; see Matter of Hart v Town Bd. of Town of Huntington, 114 AD3d 680, 683).
The Board demonstrated, prima facie, that the rezoning was not arbitrary and was [*3]consistent with a comprehensive plan (see Matter of Hart v Town Bd. of Town of Huntington, 114 AD3d at 683). The Board demonstrated that, before Solof obtained the property, the Town's planning consultant performed a comprehensive study of a certain corridor of land that included the property and identified certain planning objectives for that area. Those objectives included preservation of the rural character and natural environment of the corridor. The Board further established that the rezoning of the property, which was recommended by the planning consultant, was reasonably related to these legitimate objectives, inter alia, since most of the property was uncleared woodlands and wetlands, was bordered by land zoned as parkland, and was across the street from a nature preserve (see Nicholson v Incorporated Vil. of Garden City, 112 AD3d 893, 894-895).
In opposition, Greenport Group failed to raise a triable issue of fact, including, contrary to the Supreme Court's conclusion, as to "whether the stated intent of the re-zoning was in fact the actual purpose for [the] re-zoning." While "the courts must satisfy themselves that the rezoning meets the statutory requirement that zoning be in accordance with [the] comprehensive plan' of the community," this does not entail "examin[ing] the motives of local officials" (Udell v Haas, 21 NY2d 463, 471).
We agree with the Supreme Court's determination that the Board was entitled to summary judgment with respect to the third cause of action insofar as asserted by Greenport Group, alleging unconstitutional reverse spot zoning. The Board demonstrated, prima facie, that the property "was not arbitrarily singled out for different, less favorable treatment than neighboring properties in a manner that was inconsistent with a well-considered land-use plan, as would be required to sustain a finding of unconstitutional reverse spot zoning" (Nicholson v Incorporated Vil. of Garden City, 112 AD3d at 895; see generally Penn Cent. Transp. Co. v New York City, 438 US 104, 132). Rather, the Board demonstrated that the rezoning of the property was consistent with "a well-considered land-use plan" (Nicholson v Incorporated Vil. of Garden City, 112 AD3d at 895; see Matter of C/S 12th Ave. LLC v City of New York, 32 AD3d 1, 9; Peck Slip Assoc. LLC v City Council of City of N.Y., 26 AD3d 209, 210). In opposition, Greenport Group failed to raise a triable issue of fact.
Since this is, in part, an action for a declaratory judgment, instead of, in effect, dismissing the third, fourth, and sixth causes of action insofar as asserted by Greenport Group, the Supreme Court should have declared the rights of the parties (see 200 Genesee St. Corp. v City of Utica, 6 NY3d 761, 762; Lanza v Wagner, 11 NY2d 317, 334). Accordingly, we remit the matter to the Supreme Court, Suffolk County, for severance of the second through sixth causes of action insofar as asserted by Greenport Group and for the entry of an appropriate judgment on those causes of action, inter alia, declaring that the Local Law changing the zoning classification of the property is valid.
BALKIN, J.P., AUSTIN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court